1  Abraham J. Colman (SBN 146933)
   Email: acolman@reedsmith.com
2  Felicia Y. Yu (SBN 193316)
   Email: fyu@reedsmith.com
3  Veronica Kuiumdjian (SBN 244825)
   Email: vkuiumdjian@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone: 213.457.8000
6  Facsimile: 213.457.8080

7  Attorneys for Defendant
   FIA Card Services, N.A. (erroneously
8  sued as Bank of America Corporation)



**FILED**

AUG 2 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11  JAMES DRESSER, an individual,          )  No. **'08 CV 1550 DMS POR**
                                           )
12                Plaintiff,               )  [Removal from the Superior Court of the
                                           )  State of California, County of San Diego,
13          vs.                            )  Case No.37-2008-00077669-CU-MC-
                                           )  CTL]
14  BANK OF AMERICA CORPORATION,           )
    a Delaware Corporation; and DOES 1-50  )  **DEFENDANT FIA CARD
15  inclusive,                             )  SERVICES, N.A.'S NOTICE OF
                                           )  REMOVAL PURSUANT TO 28
16                Defendant(s).            )  U.S.C. §§ 1331 AND 1441(b)**
                                           )
17                                         )  **[FEDERAL QUESTION]**

18

19

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
    SOUTHERN DISTRICT OF CALIFORNIA:
21

22          PLEASE TAKE NOTICE that Defendant FIA Card Services, N.A., ("FIA"),

23  hereby removes this action from the Superior Court of the State of California, County

24  of San Diego, pursuant to 28 U.S.C. §§ 1441(b) and 1331 (Federal Question). The

25  removal of this action is based on the following:

26

27          1.      On July 22, 2008, FIA received Plaintiff James Dresser's ("Plaintiff")

28

ORIGINAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    First Amended Complaint ("FAC"), asserting claims against FIA for violations of the

2    federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), the Unfair

3    Business Practices Act (Bus. And Professions Code § 17200 et seq.), and California

4    Civil Code section 1785.25(a). A true and correct copy of the FAC is attached hereto

5    as Exhibit "A."

6

7       2.    Because this Notice of Removal is being filed within 30 days of July 22,

8    2008, it is timely filed pursuant to 28 U.S.C. § 1446(b). Where the original complaint

9    is not removable, defendant may remove within 30 days after receipt of an amended

10    pleading from which it may first be ascertained that the case has become removable.

11    *Id.* Where grounds for removal do not appear on the face of the initial pleadings,

12    courts may look to "documents exchanged in the case by the parties to determine

13    when the defendant had notice of the grounds for removal." *See Lovern v. General*

14    *Motors Corp.*, 121 F. 3d 160, 161 (4th Cir. 1997).

15

16       3.    Exhibit "A" constitutes all pleadings, and documents served on FIA, as

17    well as documents filed by FIA

18

19       4.    No previous request has been made for the relief requested herein.

20

21       5.    This action is a civil action over which this Court has original jurisdiction

22    under 28 U.S.C. § 1331, and is one that may be removed to this Court by Capital One

23    pursuant to the provisions of 28 U.S.C. § 1441(b) because it arises under the laws of

24    the United States, particularly the federal Fair Debt Collection Practices Act, 15

25    U.S.C. § 1681 et seq.

26

27       6.    The Superior Court of California for the County of San Diego is located

28    within the Southern District of California. *See* 28 U.S.C. § 84(c)(3). Thus, venue is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant FIA Card Services, N.A.'s Notice of Removal Pursuant to 28 U.S.C. §§ 1331 and 1441(b)

1    proper in this Court because it is the "district and division embracing the place where

2    such action is pending."  28 U.S.C. § 1441(a).

3

4        7.    FIA is the only defendant in this action.

5

6        8.    Notice of this removal is being concurrently filed with both the state

7    court and the adverse party pursuant to 28 U.S.C. § 1446(d).

8

9        DATED:  August 21, 2008.

10                                      REED SMITH LLP

11

12                               By

13                                      Abraham J. Colman
                                        Felicia Y. Yu
14                                      Veronica Kuiumdjian
                                        Attorneys for Defendants
15                                      FIA Card Services, N.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant FIA Card Services, N.A.'s Notice of Removal Pursuant to 28 U.S.C. §§ 1331 and 1441(b)

EXHIBIT A

JAMES DRESSER, *In Pro Per*
14972 Lyons Valley Road
Jamul, CA 91935
Tel: (619) 840 6291

Plaintiff *In Pro Per*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| James Dresser, an Individual, | Case No. 37-2008-00077669-CU-MC-CTL |
|     Plaintiff, | Judge: Hon. Ronald S. Prager<br>Dept.: C-71 |
| vs. | **FIRST AMENDED COMPLAINT FOR:** |
| Bank of America Corporation, a Delaware Corporation; and DOES 1-50, inclusive, | (1) Violation of the Fair Credit Reporting Act (15 *U.S.C.* § 1681) |
|     Defendants. | (2) Violation of Unfair Business Practices Act (*Business and Professions Code* §§17200 *et seq.*)<br>(3) Violation of *Civil Code* section 1785.25(a)<br>(4) Declaratory Relief |
| | [UNLIMITED CIVIL CASE; AMOUNT IN CONTROVERSY EXCEEDS $25,000] |

COMES NOW Plaintiff, James Dresser, and for causes of action against Defendants, and each of them, alleges as follows:

– 1 –

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times mentioned herein, plaintiff **James Dresser** was an individual residing in San Diego County, State of California.

2. Plaintiff is informed and believes, and, based upon such information and belief, alleges that at all times mentioned herein, defendant Bank of America Corporation ("Bank of America") was, and now is, a Delaware corporation, licensed to do business and doing business in San Diego County, State of California.

3. The true names and capacities, whether corporate, associate, individual, or otherwise of defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will pray leave to amend this Complaint when their true names and capacities have been ascertained.

4. At all times mentioned herein, defendants DOES 1 through 50, inclusive, were acting as the agents and/or employees of each other, and as such, all activity performed by said defendants was done within the scope of their agency and/or employment.

5. At all relevant times, Dresser maintained personal and business checking accounts, savings accounts, credit card accounts, and lines of credit with the Bank of America.

6. At all relevant times, plaintiff Dresser was a victim of identify theft, within the meaning of California *Civil Code* section 1798.92(d). At all relevant times, defendants had in their possession and control personal and private information concerning Dresser, including his Social Security number, date of birth, and other personal information, including financial information, bank account and credit card account numbers, passwords, and personal identification numbers. Defendants failed to take reasonable precautions to prevent third parties from obtaining access to this information, resulting in the of plaintiff's identity, including his personal and financial information.

7. From approximately June 1, 2007, to the present, persons unknown and acting without the knowledge, consent, or authorization of Dresser made charges to, and withdrawal from, Dresser's banking, line of credit, and credit card accounts held by the Bank of America.

- 2 -

8. On or about July 4, 2007, Dresser was contacted by Bank of America and was advised by Bank of America that fraudulent activities had been detected on certain of Dresser's Bank of America accounts. Pursuant to instructions by Bank of America, Dresser caused these accounts to be closed and new accounts to be opened with Bank of America. Dresser completed and sent to Bank of America an affidavit confirming that activity on his accounts was fraudulent. Dresser also filed an identify theft incident report with the San Diego County Sheriff's Office and provided a copy of this report to Bank of America.

9. Subsequent to July 4, 2007, Dresser prepared and submitted all identity theft affidavits and other relevant information requested by and required by the Bank of America in support of his claims of identity theft. Dresser has complied with all relevant statutes requiring giving notice of identity theft and notice of disputed credit charges to the defendants herein.

10. Subsequent to Dresser's closing of the Bank of America accounts with fraudulent activity, fraudulent activity was again detected on Dresser's new Bank of America accounts and other accounts of Dresser at Bank of America. In addition, unknown persons acting without the knowledge or permission of Dresser fraudulently opened, and continue to open, new Bank of America checking, savings, and credit accounts in Dresser's name, incurring fraudulent credit charges in Dresser's name, and using these fraudulent accounts to drain funds from Dresser's legitimate Bank of America accounts. Dresser has given Bank of America notice of the new fraudulent activity as he has become aware of it, and he has disputed the fraudulent charges, but has continued to make payments on some of these accounts with fraudulent activity, in order to try to protect his credit rating.

11. Despite knowing since July, 2007, that Dresser was the victim of repeated acts of identity theft and fraud involving accounts at Bank of America, defendants have failed to take reasonable precautions to prevent the opening of fraudulent checking, savings, and credit accounts in Dresser's name, and such fraudulent accounts continue to be opened to this day at Bank of America under Dresser's name.

12. Despite knowledge that Dresser was the victim of identity theft, defendants have

- 3 -

1   caused negative and untrue credit information resulting from said identity theft to be reported to

2   the major credit reporting agencies, in violation of the Fair Credit Reporting Act (15 *U.S.C.*

3   section 1681), and defendants have refused to correct this information, despite plaintiff's

4   demand, damaging Dresser's credit rating and causing him monetary damages and severe

5   emotional distress. In addition, defendants have wrongfully initiated collection activities on

6   accounts for charges incurred as a result of the aforesaid identity theft.

7        13.  As a result of the foregoing acts and omissions by the defendants, the plaintiff has

8   suffered damages in amounts to be proven at the time of trial. The plaintiff is additionally entitled

9   to restitution and injunctive relief as allowed by law.

10   **FIRST CAUSE OF ACTION - VIOLATION OF THE FAIR CREDIT REPORTING ACT**
      **(15 *U.S.C.* § 1681)**

11                   **(Against All Defendants)**

12        14.  Plaintiff realleges and incorporates herein by reference each and every allegation

13   contained in paragraphs 1 through 13 set forth above.

14        15.  Defendants violated the Fair Credit Reporting Act (15 *U.S.C.* § 1681) by: (1)

15   furnishing inaccurate information relating to the plaintiff to consumer credit agencies when

16   defendants knew or had reasonable cause to believe that the information was inaccurate; (2)

17   furnishing information relating to the plaintiff to consumer credit agencies when the defendants

18   had been notified by the plaintiff that said information was inaccurate and the information was,

19   in fact, inaccurate; (3) failing to correct inaccurate information relating to the plaintiff when

20   defendants determined that such information was inaccurate; (4) furnishing information resulting

21   from identity theft to consumer credit agencies after the plaintiff had submitted identity theft

22   reports to the defendants.

23        16.  As a result of the foregoing acts and omissions by the defendants, the plaintiff has

24   suffered actual damages in amounts to be proven at the time of trial.  The plaintiff is entitled to a

25   judgment for a declaration of non-liability, actual damages, court costs, and reasonable attorneys'

26   fees.

27   **SECOND CAUSE OF ACTION - VIOLATION OF UNFAIR BUSINESS PRACTICES**
     **ACT ( *BUSINESS AND PROFESSIONS CODE* §§17200 *et seq.*)**

28

                                          – 4 –

1          (Against All Defendants )

2          17.  Plaintiff realleges and incorporates herein by reference each and every allegation

3  contained in paragraphs 1 through 16 set forth above.

4          18.    The foregoing acts and omissions by the defendants constitute an unfair business

5  practice in violation of the California *Business and Professions Code* sections 17200 *et seq.*

6          19.   As a result of defendants' violations of said Act, the plaintiff is entitled to restitution

7  of amounts paid to defendants but not owed by him because of fraudulent activity on his

8  accounts.  Dresser is also entitled to injunctive relief, enjoining defendants from attempting to

9  collect on these accounts.

10      **THIRD CAUSE OF ACTION-VIOLATION OF *CIVIL CODE* SECTION 1785.25(a)**

11         20.  Plaintiff realleges and incorporates herein by reference each and every allegation

12  contained in paragraphs 1 through 13 set forth above.

13         21.  Defendants furnished credit information on a specific transaction or experience of the

14  plaintiff to a consumer credit agency knowing that the information was incomplete or inaccurate,

15  in violation of California *Civil Code* section 1785.25(a).

16         22.  As a result of defendants' furnishing said information, the plaintiff has sustained

17  special and general damages in amounts to be proven at the time of trial.

18      **FOURTH CAUSE OF ACTION - DECLARATORY RELIEF**
            (Against All Defendants)

19

20         23.  Plaintiff realleges and incorporates herein by reference each and every allegation

21  contained in paragraphs 1 through 13 set forth above.

22         24.  An actual controversy has arisen between the parties concerning whether the

23  aforementioned charges and debts to the plaintiff's accounts are void due to identity theft and

24  third party fraud.  The plaintiff contends that he is not legally responsible for paying the

25  foregoing debts, and the defendants contend that the plaintiff is responsible for the subject debts.

26  The plaintiff requests a judicial determination and declaration of the plaintiff's and defendants'

27  respective rights and obligations with respect to the subject debts.

28         **WHEREFORE,** Plaintiff prays judgment against Defendants, and each of them, as

- 5 -

1    follows:

2                            **FIRST CAUSE OF ACTION**

3        1.    For special and general damages according to proof;

4        2.    For reasonable costs and attorneys' fees; and

5        3.    For such other and further relief as this court deems just and proper.

6                            **SECOND CAUSE OF ACTION**

7        1.    For  injunctive relief;

8        2.    For restitution;  and

9        3.    For such other and further relief as this court deems just and proper.

10                            **THIRD CAUSE OF ACTION**

11       1.    For special and general damages according to proof; and

12       2.    For such other and further relief as this court deems just and proper.

13                            **FOURTH CAUSE OF ACTION**

14       1.    For a declaration of the rights and duties of the parties relative to claims and debts

15   incurred as a result of the aforesaid identity theft; and

16       2.    For such other and further relief as this court deems just and proper.

17

18   **DATED:** _____              **JAMES DRESSER**

19                                          _____

20                                          **James Dresser, Plaintiff** *In Pro Per*

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

I, the undersigned, declare:

My business address is, and at all times mentioned herein was, located in San Diego County at 14972 Lyons Valley Road, Jamul, CA 91935.  I am the plaintiff *in pro per* in this action..

On *July 21*, 2008, I served a true copy of **First Amended Complaint** by depositing same in a sealed envelope in the United States Mail at *San Diego*, CA, with postage thereon fully prepaid, addressed as follows:

Reed Smith LLP                          Attorneys for Defendant
Attn: Abraham Colman, Esq.              Bank of America Corporation
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071-1514
(213) 457 8075
(213) 457 8080 (fax)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *July 21*, 2008, at Jamul, CA.

James Dresser

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

RECEIVED
AUG 0 1 2008
By_____

PLAINTIFF(S) / PETITIONER(S):    James Dresser

DEFENDANT(S) / RESPONDENT(S):    Bank of America Corporation

DRESSER VS. BANK OF AMERICA CORPORATION

| **NOTICE OF HEARING** | CASE NUMBER: |
|---|---|
| | 37-2008-00077669-CU-MC-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 08/29/2008 | 01:15 pm | C-71 | Ronald S. Prager |

Counsel: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Dresser vs. Bank of America Corporation

---

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2008-00077669-CU-MC-CTL |
|---|---|

---

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 07/30/2008.

Clerk of the Court, by:  Clara Banks _____, Deputy

ABRAHAM J COLMAN
REED SMITH
355 S Grand Avenue # 2900
Los Angeles, CA 90071

James Dresser
14972 Lyons Valley Road
Jamul, CA 91935

---

**SUMMONS**
**(CITACIÓN JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Bank of America Corporation, a Delaware
Corporation; and DOES 1-50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

08 FEB -8 PM 3: 20

SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

James Dresser, an Individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): | **CASE NUMBER** 37-2008-00077669-CU-MC-CTL<br>(Número del Caso): |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway
330 W. Broadway
San Diego, CA                              92101
Hall of Justice

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
151671                    (619) 296 1600
LAW OFFICES OF DANIEL YAUGER
Daniel Yauger, Esq.
3170 Fourth Avenue, 3rd Floor, San Diego, CA  92103

| DATE:<br>(Fecha) FEB 0 8 2008 | Clerk, by **M. McKinley** | , Deputy |
|---|---|---|
| | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): Bank of America corporation, a Delaware corporation

under [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
      [ ] other (specify):
4. [X] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
WWW.ATFORMS.COM 1-800-617-4202

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

FEB 27 2008 14:36 FR BOA CHTL LIT        704 386 1760 TO 97046025712        P.07

1   **LAW OFFICES OF DANIEL YAUGER**
    Daniel Yauger, Esq. (SBN 151671)
2   3170 Fourth Avenue, Third Floor
    San Diego, California 92103-5850
3   Tel: (619) 296 1600; Fax: (619) 296 1200

4   Attorney for Plaintiff James Dresser

FILED
CIVIL BUSINESS OFFICE 26
CENTRAL DIVISION

08 FEB -8  PM 3: 20

_____ OR COURT
SAN DIEGO COUNTY. CA.

5

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10

11  James Dresser, an Individual,          )   Case No.    37-2008-00077669-CU-MC-CTL
                                           )
12          Plaintiff,                     )   **COMPLAINT FOR:**
                                           )
13  vs.                                    )   **(1) Negligence**
                                           )   **(2) Negligent Infliction of Emotional**
14  Bank of America Corporation, a Delaware )   **Distress**
    Corporation; and DOES 1-50, inclusive, )   **(3) Violation of the Fair Debt Collections**
15                                         )   **Practices Act** (*Civil Code* § 1788 *et seq.*)
            Defendants.                    )   **(4) Violation of Unfair Business Practices**
16                                         )   **Act (***Business and Professions Code***
                                           )   **§§17200 *et seq.*)**
17                                         )   **(5) Violation of Song-Berverly Credit Card**
                                           )   **Act (*Civil Code* §§1747 *et seq.*)**
18                                         )   **(6) Declaratory Relief**
                                           )
19                                         )
                                           )   [UNLIMITED CIVIL CASE; AMOUNT IN
20  _____  )   CONTROVERSY EXCEEDS $25,000]

21

22

23          COMES NOW Plaintiff, **James Dresser**, and for causes of action against Defendants,

24  and each of them, alleges as follows:

25              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26      1.  At all times mentioned herein, plaintiff **James Dresser** was an individual residing in

27  San Diego County, State of California.

28
                                   - 1 -

2. Plaintiff is informed and believes, and, based upon such information and belief, alleges that at all times mentioned herein, defendant Bank of America Corporation ("Bank of America") was, and now is, a Delaware corporation, licensed to do business and doing business in San Diego County, State of California.

3. The true names and capacities, whether corporate, associate, individual, or otherwise of defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will pray leave to amend this Complaint when their true names and capacities have been ascertained.

4. At all times mentioned herein, defendants DOES 1 through 50, inclusive, were acting as the agents and/or employees of each other, and as such, all activity performed by said defendants was done within the scope of their agency and/or employment.

5. At all relevant times, Dresser maintained personal and business checking accounts, savings accounts, credit card accounts, and lines of credit with the Bank of America.

6. At all relevant times, plaintiff Dresser was a victim of identify theft, within the meaning of California *Civil Code* section 1798.92(d). At all relevant times, Bank of America failed to take adequate precautions to prevent the theft of plaintiff's identity, including his personal and financial information.

7. From approximately June 1, 2007, to the present, persons unknown and acting without the knowledge, consent, or authorization of Dresser made charges to, and withdrawal from, Dresser's banking, line of credit, and credit card accounts held by the Bank of America.

8. On or about July 4, 2007, Dresser was contacted by Bank of America and was advised by Bank of America that fraudulent activities had been detected on certain of Dresser's Bank of America accounts. Pursuant to instructions by Bank of America, Dresser caused these accounts to be closed and new accounts to be opened with Bank of America. Dresser completed and sent to Bank of America an affidavit confirming that activity on his accounts was fraudulent. Dresser also filed an identify theft incident report with the San Diego County Sheriff's Office and provided a copy of this report to Bank of America.

9. Subsequent to July 4, 2007, Dresser prepared and submitted all identity theft affidavits and other relevant information requested by and required by the Bank of America in support of his claims of identity theft.

10. Dresser has complied with all relevant statutes requiring giving notice of identity theft and notice of disputed credit charges to the defendants herein.

11. Subsequent to Dresser's closing of the Bank of America accounts with fraudulent activity, fraudulent activity was again detected on Dresser's new Bank of America accounts and other accounts of Dresser at Bank of America. Dresser gave Bank of America notice of this new fraudulent activity and disputed the fraudulent charges, but continued to make payments on these accounts with fraudulent activity, in order to protect his credit rating.

12. Despite knowledge that Dresser was the victim of identity theft, defendants have caused negative and untrue credit information resulting from said identity theft to be reported to the major credit reporting agencies, and defendants have refused to correct this information, despite plaintiff's demand, damaging Dresser's credit rating and causing him severe emotional distress. In addition, defendants have wrongfully initiated collection activities on accounts for charges incurred as a result of the aforesaid identity theft.

13. As a result of the foregoing acts and omissions by the defendants, the plaintiff has suffered general and special damages in amounts to be proven at the time of trial. The plaintiff is entitled to injunctive and declaratory relief to purge his credit report of negative information entered on his credit report as a result of identify theft, to cancel debts obtained in his name as a result of identity theft, to declare said debts null and void, to cancel security interests and debts secured by plaintiff's property as a result of identity theft, and to enjoin defendants from initiating or continuing collection efforts of debts obtained by the theft of Dresser's identify.

### FIRST CAUSE OF ACTION - NEGLIGENCE
(Against Defendants)

14. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 set forth above.

15. Defendants owed the plaintiff a duty of reasonable care to protect his accounts from

- 3 -

1    identity theft, to ensure that untrue negative credit information caused by identity theft was not

2    transmitted to national credit reporting agencies, and to correct such untrue negative credit

3    information after being given notice by the plaintiff that improper charges were being made on

4    his accounts by unknown persons without his authorization or consent.

5        16. Defendants breached these duties of care by failing to protect Dresser's accounts

6    from identity theft, by transmitting negative credit information caused by theft of the plaintiff's

7    identity to national credit reporting agencies, by failing to correct such untrue negative credit

8    information, and in other respects.

9        17. As a result of defendants' breaches of duty, the plaintiff has sustained special and

10   general damages in amounts to be proven at the time of trial.

11

12           **SECOND CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL
                                          DISTRESS**
13                                 (Against all Defendants)

14       18. Plaintiff realleges and incorporates herein by reference each and every allegation

15   contained in paragraphs 1 through 16 set forth above.

16       19. As a result of defendants' breaches of duty, the plaintiff has sustained severe

17   emotional distress and is entitled to damages to be proven at the time of trial.

18       **THIRD CAUSE OF ACTION - VIOLATION OF THE FAIR DEBT COLLECTIONS
                        PRACTICES ACT (*CIVIL CODE* § 1788 *et seq.*)**
19                                 (Against All Defendants)

20       20. Plaintiff realleges and incorporates herein by reference each and every allegation

21   contained in paragraphs 1 through 13 set forth above.

22       21. The foregoing acts and omissions by the defendants are in violation of the California

23   Fair Debt Collections Practices Act (*Civil Code* § 1788 *et seq.*), including, but not limited to

24   Civil Code §1788.18 and Civil Code §1798.93.

25       22. As a result of the foregoing acts and omissions by the defendants, the plaintiff has

26   suffered damages in amounts to be proven at the time of trial. The plaintiff is entitled to a

27   judgment for a declaration of non-liability and injunctive relief, actual damages, court costs,

28

                                    -  4  -

1  attorneys' fees, and penalties, pursuant to Civil Code section 1798.93(c).

2  **FOURTH CAUSE OF ACTION - VIOLATION OF UNFAIR BUSINESS PRACTICES**
   **ACT ( *BUSINESS AND PROFESSIONS CODE* §§17200 et seq.)**
3                          (Against All Defendants )

4      23.  Plaintiff realleges and incorporates herein by reference each and every allegation

5  contained in paragraphs 1 through 13 set forth above.

6      24.   The foregoing acts and omissions by the defendants constitute an unfair business

7  practice in violation of the California *Business and Professions Code* sections 17200 et seq.

8      25.  As a result of defendants' violations of said Act, the plaintiff is entitled to restitution

9  of amounts paid to defendants but not owed by him because of fraudulent activity on his

10 accounts.  Dresser is also entitled to injunctive relief, enjoining defendants from attempting to

11 collect on these accounts and requiring the defendants to correct negative information submitted

12 by them defendants to national credit reporting agencies.

13 **FIFTH CAUSE OF ACTION - VIOLATION OF SONG-BEVERLY CREDIT CARD ACT**
   **(*CIVIL CODE* §§1747 et seq.)**
14                          (Against All Defendants)

15     26.  Plaintiff realleges and incorporates herein by reference each and every allegation

16 contained in paragraphs 1 through 13 set forth above.

17     27.  The plaintiff gave the defendants timely notice that the charges to the credit card

18 account were unauthorized by the plaintiff.

19     28.  The foregoing acts and omissions by the defendants, including but not limited to,

20 defendants' failure to correct billing errors and defendants' reporting of unfavorable credit

21 information to credit reporting agencies, constitute violations of the Song-Beverly Credit Card

22 Act, which violations have damaged the plaintiff and have caused the plaintiff severe emotional

23 distress.  Defendants' reporting of untrue credit information concerning the plaintiff to credit

24 reporting agencies was willful within the meaning of *Civil Code* sections 1747.50 and 1747.70,

25 entitling the plaintiff to treble damages, legal costs, and attorneys' fees pursuant to *Civil Code*

26 sections 1747.50(c) and 1747.70(d), and to general damages.

27

28

## SIXTH CAUSE OF ACTION - DECLARATORY RELIEF
### (Against All Defendants)

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 set forth above.

30. An actual controversy has arisen between the parties concerning whether the aforementioned charges and debts to the plaintiff's accounts are void due to identity theft and third party fraud. The plaintiff contends that he is not legally responsible for paying the foregoing debts, and the defendants contend that the plaintiff is responsible for the subject debts. The plaintiff requests a judicial determination and declaration of the plaintiff's and defendants' respective rights and obligations with respect to the subject debts, and with respect to the defendants' obligations to repair damages to Dresser's credit rating.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. For special and general damages according to proof; and

2. For such other and further relief as this court deems just and proper.

### SECOND CAUSE OF ACTION

1. For special and general damages according to proof; and

2. For such other and further relief as this court deems just and proper.

### THIRD CAUSE OF ACTION

1. For special and general damages according to proof;

2. For reasonable costs and attorneys' fees; and

3. For such other and further relief as this court deems just and proper.

### FOURTH CAUSE OF ACTION

1. For injunctive relief;

2. For restitution; and

3. For such other and further relief as this court deems just and proper.

### FIFTH CAUSE OF ACTION

- 6 -

1       1.      For special and general damages according to proof;

2       2.      For injunctive relief;

3       3.      For costs and reasonable attorneys' fees; and

4       4.      For such other and further relief as this court deems just and proper.

5                                   **SIXTH CAUSE OF ACTION**

6       1.      For a declaration of the rights and duties of the parties relative to claims and debts

7    incurred as a result of the aforesaid identity theft; and

8       2.      For such other and further relief as this court deems just and proper.

9

10

11

12   DATED:  _2/8/08_                          **LAW OFFICES OF DANIEL YAUGER**

13

14                                             **Daniel Yauger, Esq., Attorney for Plaintiff**
                                               **James Dresser**

15

16

17

18

19

20

21

22

23

24

25   C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\complaint.001.wpd

26

27

28
                                           - 7 -

1   **LAW OFFICES OF DANIEL YAUGER**
    Daniel Yauger, Esq. (SBN 151671)
2   **3170 Fourth Avenue, Third Floor**
    **San Diego, California 92103-5850**
3   **Tel: (619) 296 1600; Fax: (619) 296 1200**

4   **Attorney for Plaintiff James Dresser**

FILED
CIVIL BUSINESS OFFICE 1S
CENTRAL DIVISION

08 FEB -8 PM 3: 29

SAN DIEGO COUNTY. CA

5

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN DIEGO**

10

11   **James Dresser, an Individual,**     )   Case No.   37-2008-00077669-CU-MC-CTL

12        **Plaintiff,**          )

13   **vs.**                     )   **PLAINTIFF'S DEMAND FOR JURY**
                        )   **TRIAL**

14   **Bank of America Corporation, a Delaware** )
    **Corporation; and DOES 1-50, inclusive,**   )

15        **Defendants.**         )

16                          )

17                          )

18   ————————————————— )

19

20       Plaintiff James Dresser hereby demands a jury trial in this matter.

21

22

23

24

25

26

27

28

                       – 1 –

1    DATED: 8/7/08                    LAW OFFICES OF DANIEL YAUGER

2

3                                     Daniel Yauger, Esq., Attorney for Plaintiff
                                      James Dresser
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\8 of A\Pleadings\jury demand.001.wpd

26

27

28

– 2 –

 Case Assignment Doc. Receipt Info: dresser, james

   (No Items To Select)

General | Involved |

## Service on Bank of America Information

| | |
|---|---|
| Date of Service: | 02/20/2008 |
| Served On: | CT Corp: Los Angeles, CA |
| Served Via: | Process Server |
| Document Types: (Expand) | ADR Package, Attachment(s), Complaint, Notice of Case Assignment, Stipulation, Summons |

## Disposition

| | |
|---|---|
| Date Received in San Francisco | 02/21/2008 |
| Received From: | CT Corp: Los Angeles, CA |
| How Received: | FedEx |
| Forwarded To: | Kolvan, Deborah / Hingat, Marcy |
| Date Forwarded: | 02/22/2008 |
| How Forwarded: | FedEx |

*DUE:*
*3/21/2008*

**Case Assignment: Dresser, James-CA90343-20080222**


(actions)

Case Assignment | Document Receipt Information | Involved Parties | Documents | Security | History |

## General Information

| | |
|---|---|
| Number: | CA90343-20080222 |
| Name: | Dresser, James |
| Opened on: | 02/22/2008 05:53 PM |

**Current Phase:** Open

## Case / Matter Information

| | | | | | |
|---|---|---|---|---|---|
| Court: | Superior Court, San Diego County -CA | | | | |
| Court City | San Diego | Court County | | Court State | CA |

**Case Caption:**

James Dresser v. Bank of America Corporation; et al.

| | | | |
|---|---|---|---|
| Case Number: | 37-2008-00077669-CU-MC-CTL | Type of Action: | Credit Reporting |
| Bank's Interest: (Expand) | Consumer Line of Credit, Credit Card Account | | |
| Allegations: (Expand) | Infliction of Emotional Distress, Negligence, Unfair Trade Practices, Violation of Statute(s) | | |

**Comments:**

Response due 3/21/2008. Contacted Plaintiff's attorney, Daniel Yauger, via 2/22 call. He confirmed that the accounts below are disputed due to alleged identity theft issue. Complaint further alleges that despite knowledge that Plaintiff was a victim of identity theft, BOA allegedly caused negative and untrue credit information reported to the major credit reporting agencies. (BOSS, ALS and ProcessBar printouts provided with original.)

CCA# 4888930020320799 (unable to locate in BOSS/ProcessBar)
CCA #5490993021479235
CCA #6474879990217450
ALS #68240143524299

Copy to Swagerty c/o Kolvan via hand-delivery for ALS dispute.

| | |
|---|---|
| **Practice Group:** | Global Consumer & Small Business Banking |

## Assignees

| Status | Assignee | Role | Assigned On | Unassigned On |
|---|---|---|---|---|
| Active | Sanchez, Ann M | Created By | 02/22/2008 | |
| Active | Kolvan, Deborah M | Assigned To | 02/22/2008 | |
| Active | * Hingst, Marcy | Assigned To | 02/22/2008 | |
| Active | Garnier, Miles A | Assigned By | 02/22/2008 | |
| Active | Swagerty, Evelynne L | Assigned To | 02/22/2008 | |

```
CONVERSATION 0                                                    ENTITY:  BCC
ACCOUNT: 5474879990217450     TYPE: ZZ Business Card
DR JAMES DRESSER                          PRODUCT:  CCA        SVC LVL: *
JAMES P DRESSER INC                       TAX ID:  536668543  AGENT BANK:
14972 LYONS VALLEY RD                     ACCT TYPE:   B
JAMUL CA  91935-3408                      STATUS:    CLOSED
                                          LOAN RELATED:
LAST STMT BAL:   2/21/08      6,360.09    INS STATUS:  NO      OD PROTECTION:
HIGH BAL:                     6,360.00    CORRESPOND:          DISPUTE:      NO
CREDIT LIMIT:                15,000.00    CHECKING RELATED:
CURRENT BAL:                  6,360.09    OPENED:   7/29/02    CLOSED:
AUTHORIZED:                        .00    EXPIRATION DATE:              7/04/09
AVAIL CREDIT:                      .00    LAST TRAN:                    2/21/08
LAST PYMT:       8/30/07       286.22     DELINQUENT:  1-30  31-60  61-90  91+
NEXT PYMT DUE:   3/17/08       269.96                   3      1      1    2
AMOUNT PAST DUE:             1,086.27     CHARGE OFF:
TOTAL PYMT DUE:             1,356.23      BOSS MAINT:


   ***   PRESS PF3 TO RETURN TO THE CUAC SCREEN    ***      FILE DATE 022208
PF9=CC MENU
PF4=MAIN MENU PF5=HELP PF6=NEW CONVERSATION PF7=OLD CONVERSATION
```

Page 1 of 1

# Credit Card

**Back to Summary**

Profile | Account Detail

| Customer Name | DRESSER, JAMES | | Account Number | 00000547487 9990217450 |
|---|---|---|---|---|
| Address | 14972 LYONS VALLEY RD | | Product | Business Card |
| | JAMUL, CA 919353408 US | | Entity | BCC |
| Service Level | | | | |

## Profile                                                                                         Top

| Status | CLOSED | | Service Level | • |
|---|---|---|---|---|
| Opened (mm/dd/yyyy) | 7/29/2002 | | LOB | Default Organization |
| Closed (mm/dd/yyyy) | | | Address Change | |
| Don't 3rd Party Share | ☑ | | Last Maintenance (mm/dd/yyyy) | 1/7/2008 |

## Account Detail                                                                                  Top

| Last Statement Balance | $6360.09 | | Delinquencies | |
|---|---|---|---|---|
| Last Statement Date (mm/dd/yyyy) | 2/21/2008 | | 1 - 30 Days | 3 |
| Last Transaction Date (mm/dd/yyyy) | | | 31 - 60 Days | 1 |
| Credit Limit | $15000.00 | | 61 - 90 Days | 1 |
| Available Credit | $0.00 | | 91+ Days | 2 |

## Payment Information

| Current Balance | $6360.09 | | Amount Past Due | $1086.27 |
|---|---|---|---|---|
| Date of Last Payment (mm/dd/yyyy) | 8/30/2007 | | Amount of Last Payment | $286.22 |
| Next Payment Due (mm/dd/yyyy) | 3/17/2008 | | Amt of Next Payment Due | $269.96 |

## Overdraft Protection

| OD Protection | |
|---|---|
| Late Charges Due | $0.00 |

## Administrative

| Created Date & Time | 7/6/2007 | 12:00 AM | Updated Date & Time | 2/22/2008 | 12:00 AM |
|---|---|---|---|---|---|
| Created By | System Batch Id, System Batch Id | | Updated By | System Batch Id, System Batch Id | |

FEB 27 2008 14:35 FR BOA CHLT LIT    704 386 1760 TO 9704605712    P.04

# Credit Card

**Back to Summary**

Profile | Account Detail

| | | |
|---|---|---|
| Customer Name | DRESSER, JAMES P. | Account Number  000005490993021479235 |
| Address | 14972 LYONS VALLEY RD | Product  Nat'l Chiropractic |
| | JAMUL, CA 919353408 US | Entity  BCC |
| Service Level | Plus Candidate | |

---

## Profile                                                                 Top

| Status | CLOSED | Service Level | * |
|---|---|---|---|
| Opened (mm/dd/yyyy) | 9/3/1999 | LOB | Default Organization |
| Closed (mm/dd/yyyy) | 12/31/2007 | Address Change | |
| Don't 3rd Party Share | ☑ | Last Maintenance (mm/dd/yyyy) | 7/6/2007 |

---

## Account Detail                                                          Top

| Last Statement Balance | $38813.42 | Delinquencies | |
|---|---|---|---|
| Last Statement Date (mm/dd/yyyy) | 2/8/2008 | 1 - 30 Days | 3 |
| Last Transaction Date (mm/dd/yyyy) | | 31 - 60 Days | 1 |
| Credit Limit | $60600.00 | 61 - 90 Days | 1 |
| Available Credit | $21786.58 | 91+ Days | 2 |

### Payment Information

| Current Balance | $38813.42 | Amount Past Due | $5174.00 |
|---|---|---|---|
| Date of Last Payment (mm/dd/yyyy) | 9/25/2007 | Amount of Last Payment | $16.00 |
| Next Payment Due (mm/dd/yyyy) | 3/4/2008 | Amt of Next Payment Due | $639.00 |

### Overdraft Protection

| OD Protection | | |
|---|---|---|
| Late Charges Due | $0.00 | |

---

## Administrative

| Created Date & Time | 8/1/2007   12:00 AM | Updated Date & Time | 2/11/2008   12:00 AM |
|---|---|---|---|
| Created By | System Batch Id, System Batch Id | Updated By | System Batch Id, System Batch Id |

CA 90343-
20080222

## CT CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
02/20/2008
CT Log Number 513105191

**TO:**  Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104-

**RE:**  **Process Served in California**

**FOR:**  Bank of America Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Dresser, etc., Pltf. vs. Bank of America Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Notice(s), Stipulation Form |
| **COURT/AGENCY:** | San Diego County-San Diego, Superior Court, CA<br>Case # 37200800077868CUMCCTL |
| **NATURE OF ACTION:** | Summons and Complaint - Defendants breached their duties of care by failing to protect plaintiff's account from identity theft, by transmitting negative credit information caused by theft to national credit reporting agencies and failing to correct such untrue negative credit information |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/20/2008 at 12:33 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Daniel Yeuger<br>Law Offices of Daniel Yeuger<br>3170 Fourth Avenue<br>3rd Floor<br>San Diego, CA 92103<br>619-296-1600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 790943314797<br>Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

LEGAL DEPARTMENT
RECEIVED

FEB 21 2008

SAN FRANCISCO
BANK OF AMERICA, N.A.

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:  330 West Broadway

MAILING ADDRESS:  330 West Broadway

CITY AND ZIP CODE:  San Diego, CA 92101

BRANCH NAME:  Central

TELEPHONE NUMBER: (619) 685-6144

---

PLAINTIFF(S) / PETITIONER(S):  James Dresser

DEFENDANT(S) / RESPONDENT(S): Bank of America Corporation

DRESSER VS. BANK OF AMERICA CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
| --- | --- |
| | 37-2008-00077669-CU-MC-CTL |

Judge: Ronald S. Prager          Department: C-71

**COMPLAINT/PETITION FILED:** 02/08/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00077669-CU-MC-CTL    CASE TITLE: Dresser vs. Bank of America Corporation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR -- i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**\*\* 02.20 PAGE TOTAL \*\***

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): James Dresser |
|---|
| DEFENDANT(S): Bank of America Corporation |
| SHORT TITLE: DRESSER VS. BANK OF AMERICA CORPORATION |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2008-00077669-CU-MC-CTL |
|---|---|

Judge: Ronald S. Prager                                         Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                         Date: _____

_____

Name of Plaintiff                              Name of Defendant

_____

Signature                                      Signature

_____

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____

Signature                                      Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/08/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

3

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, sta[ ] and address):

.51671
Daniel Yauger, Attorney at Law
3170 Fourth Avenue, 3rd Floor
San Diego, CA  92103
TELEPHONE NO.: 619 296 1600      FAX NO.: 619 296 1200

ATTORNEY FOR (Name):

FOR COURT USE ONLY

APR 09 2008

FILED
CIVIL BUSINESS OFFICE 14
CENTRAL DIVISION

08 APR -3 PM 4:17

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
[X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)  James Dresser, an Individual

DEFENDANT(S)/RESPONDENT(S)  Bank of America Corporation et al.

[X] I/C JUDGE Ronald S. Prager
[ ] MASTER CALENDAR

DEPT  71

CASE NUMBER
37-2008-00077669-CU-MC-CTL

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;
Division IV rules 4.169 & 4.170)

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) __Daniel Yauger__
certify that:  *(CHECK ONE BOX)*

2.1 [ ] Plaintiff has been unable to serve the complaint on defendant(s) _____
(May list more than one defendant)

2.1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s)).

2.5 [ ] Defendant was served on _____, and is unable to answer or otherwise respond.

2.8 [X] Plaintiff served defendant on __February 20, 2008__, but was unable to request entry of default.

Therefore, it is requested that the time be extended until __May 12, 2008__ for filing of a(n):

[ ] CERTIFICATE OF SERVICE (SDSC CIV-345)
[ ] ANSWER OR OTHER DEFENDANT APPEARANCE
[X] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Plaintiff James Dresser and defendant Bank of America Corporation are
engaged in settlement discussions through their respective counsel.  The parties
request this additional time to attempt settlement.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: __4/3/08__                                    _____
                                                     SIGNATURE OF ATTORNEY(S)

| FOR COURT USE ONLY |
| --- |

[ ] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: ____MAY 1 2 2008____

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT ____
    [ ] INSUFFICIENT REASON FOR DELAY OF CASE.
    [ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: __APR  7 2008__                         RONALD S. PRAGER
                                               _____
                                               JUDGE OF THE SUPERIOR COURT

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

SDSC CIV-144(Rev. 4-04)                  **CERTIFICATE OF:**
                         **PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

**PROOF OF SERVICE**

1

2     I, the undersigned, declare:

3     My business address is, and at all times mentioned herein was, located in San Diego

4     County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5     State Bar of California and am not a party to this action.

6     On _Apr 8_____, 2008, I served a true copy of **Certificate of Inability to Respond** by

7     depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego,

8     CA 92103, with postage thereon fully prepaid, addressed as follows:

9

10    Reed Smith LLP                          Attorneys for Defendant
      Attn: Abraham Colman, Esq.              Bank of America Corporation
11    355 S. Grand Ave., Ste. 2900
      Los Angeles, CA 90071-1514
12    (213) 457 8075
      (213) 457 8080 (fax)
13

14

15        I declare under penalty of perjury under the laws of the State of California that the

16    foregoing is true and correct.

17    Executed on _Apr 8___, **2008**, at San Diego, CA.

18

19

20    _____

21                    Daniel Yauger

22

23

24

25
      C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.000.wpd
26

27

28

RECEIVED
MAY 1 3 2008
By_____

LAW OFFICES OF DANIEL YAUGER
Daniel Yauger, Esq. (SBN 151671)
3170 Fourth Avenue, Third Floor
San Diego, California 92103-5850
Tel: (619) 296 1600; Fax: (619) 296 1200

Attorney for Plaintiff James Dresser

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| James Dresser, an Individual,<br><br>          Plaintiff,<br><br>vs.<br><br>Bank of America Corporation, a Delaware<br>Corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.  37-2008-00077669-CU-MC-CTL<br><br>Judge:  Hon. Ronald S. Prager<br>Dept.:  C-71<br><br>**NOTICE OF CONDITIONAL<br>SETTLEMENT**<br><br>[Local Rule 2.1.14] |

TO THE COURT:

Pursuant to Local Rule 2.1.14, please take notice that this case has been conditionally settled.

The settlement requires dismissal only after full performance of the settlement terms. The plaintiff requests that this case be placed on a 45-day dismissal calendar.

Defendant Bank of America Corporation has not appeared in this action.

– 1 –

1

2   DATED: _May 8, 2008_

LAW OFFICES OF DANIEL YAUGER

3

4   Daniel Yauger, Esq., Attorney for Plaintiff
James Dresser

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\settlement.002.wpd

27

28

NOTICE OF SETTLEMENT

1                                **PROOF OF SERVICE**

2           I, the undersigned, declare:

3           My business address is, and at all times mentioned herein was, located in San Diego

4    County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5    State Bar of California and am not a party to this action.

6           On ___May 8___, 2008, I served a true copy of **Notice of Conditional Settlement** by

7    depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego,

8    CA 92103, with postage thereon fully prepaid, addressed as follows:

9

10          Reed Smith LLP                          Attorneys for Defendant
            Attn: Abraham Colman, Esq.              Bank of America Corporation
11          355 S. Grand Ave., Ste. 2900
            Los Angeles, CA 90071-1514
12          (213) 457 8075
            (213) 457 8080 (fax)

13

14

15          I declare under penalty of perjury under the laws of the State of California that the

16   foregoing is true and correct.

17          Executed on ___May 9___, 2008, at San Diego, CA.

18

19

20          _____
                                 Daniel Yauger
21

22

23

24

25
     C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.001.wpd
26

27

28

1    LAW OFFICES OF DANIEL YAUGER
     Daniel Yauger, Esq. (SBN 151671)
2    3170 Fourth Avenue, Third Floor
     San Diego, California 92103-5850
3    Tel: (619) 296 1600; Fax: (619) 296 1200

4    **Attorney for Plaintiff James Dresser**

5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10

11   James Dresser, an Individual,              )    Case No.  37-2008-00077669-CU-MC-CTL
                                                )
12            Plaintiff,                        )    Judge:  Hon. Ronald S. Prager
                                                )    Dept.:  C-71
13   vs.                                        )
                                                )
14   Bank of America Corporation, a Delaware    )    **NOTICE OF CONDITIONAL**
     Corporation; and DOES 1-50, inclusive,     )    **SETTLEMENT**
15                                              )
              Defendants.                       )    [Local Rule 2.1.14]
16                                              )
                                                )
17                                              )
                                                )
18   _____        )

19

20

21

22        TO THE COURT:

23        Pursuant to Local Rule 2.1.14, please take notice that this case has been conditionally
     settled.
24

25        The settlement requires dismissal only after full performance of the settlement terms.
     The plaintiff requests that this case be placed on a 45-day dismissal calendar.
26

27        Defendant Bank of America Corporation has not appeared in this action.

28

                                     - 1 -

                            NOTICE OF SETTLEMENT

FILED
Clerk of the Superior Court
MAY 0 8 2008
By: K SANDOVAL, Deputy

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: _May 8, 2008_

LAW OFFICES OF DANIEL YAUGER

_____

**Daniel Yauger, Esq., Attorney for Plaintiff
James Dresser**

C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\settlement.002.wpd

– 2 –

NOTICE OF SETTLEMENT

1

## PROOF OF SERVICE

2   I, the undersigned, declare:

3   My business address is, and at all times mentioned herein was, located in San Diego

4   County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5   State Bar of California and am not a party to this action.

6   On  _May 9_ , 2008, I served a true copy of **Notice of Conditional Settlement** by

7   depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego,

8   CA 92103, with postage thereon fully prepaid, addressed as follows:

9

10  Reed Smith LLP                              Attorneys for Defendant
    Attn: Abraham Colman, Esq.                  Bank of America Corporation
11  355 S. Grand Ave., Ste. 2900
    Los Angeles, CA 90071-1514
12  (213) 457 8075
    (213) 457 8080 (fax)
13

14

15  I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17  Executed on  _May 9_ , **2008**, at San Diego, CA.

18

19

20  _____

21                              **Daniel Yauger**

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2      I, the undersigned, declare:

3      My business address is, and at all times mentioned herein was, located in San Diego

4  County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5  State Bar of California and am not a party to this action.

6      On  5/16 , 2008, I served a true copy of **Notice of Conditional Settlement**

7  **(conformed copy)** by depositing same in a sealed envelope in the United States Mail at 3170

8  Fourth Avenue, San Diego, CA 92103, with postage thereon fully prepaid, addressed as follows:

9

10     Reed Smith LLP                          Attorneys for Defendant
       Attn: Abraham Colman, Esq.               Bank of America Corporation
11     355 S. Grand Ave., Ste. 2900
       Los Angeles, CA 90071-1514
12     (213) 457 8075
       (213) 457 8080 (fax)

13

14

15     I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17     Executed on  5/16 , 2008, at San Diego, CA.

18

19

20                                                        Daniel Yauger

21

22

23

24

25  C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.000.wpd

26

27

28

1   **LAW OFFICES OF DANIEL YAUGER**
    Daniel Yauger, Esq. (SBN 151671)
2   3170 Fourth Avenue, Third Floor
    San Diego, California 92103-5850
3   Tel: (619) 296 1600; Fax: (619) 296 1200

4   Attorney for Plaintiff James Dresser

5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11  James Dresser, an Individual,            )   Case No.  37-2008-00077669-CU-MC-CTL
                                             )
12          Plaintiff,                       )   Judge:  Hon. Ronald S. Prager
                                             )   Dept.:  C-71
13  vs.                                      )
                                             )   PLAINTIFF'S' *EX PARTE* APPLICATION
14  Bank of America Corporation, a Delaware  )   FOR CONTINUANCE OF DISMISSAL
    Corporation; and DOES 1-50, inclusive,   )   DATE
15                                           )
            Defendants.                      )
16                                           )   Date: June 26, 2008
                                             )   Time: 8:15 a.m.
17                                           )   Dept.: C-71
                                             )
18  _____ )

19

20

21          Plaintiff James Dresser hereby applies *ex parte* to the Court for an order to continue the

22  court's dismissal date, currently set for June 27, 2008, to July 18, 2008, in order to allow the

23  plaintiff time to obtain new counsel in this matter.

24

25

26

27

28
                                    - 1 -

1    As is set forth in the accompanying Memorandum of Points and Authorities, the plaintiff

2  requests that the court continue the dismissal date until July 18, 2008, to allow the plaintiff

3  adequate time to obtain new counsel to represent him in this matter. This case was conditionally

4  settled on terms that are no longer acceptable to the plaintiff, who desires to obtain new counsel

5  to represent him in this matter.

6  DATED: _June 18, 2008_

LAW OFFICES OF DANIEL YAUGER

7

8    **Daniel Yauger, Esq., Attorney for Plaintiff**
**James Dresser**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Ex Parte\application.002.wpd

25

26

27

28    — 2 —

PLAINTIFF'S *EX PARTE* APPLICATION FOR CONTINUANCE OF DISMISSAL DATE

1  **LAW OFFICES OF DANIEL YAUGER**
   **Daniel Yauger, Esq. (SBN 151671)**
2  **3170 Fourth Avenue, Third Floor**
   **San Diego, California 92103-5850**
3  **Tel: (619) 296 1600; Fax: (619) 296 1200**

4  **Attorney for Plaintiff James Dresser**

5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10

11  **James Dresser, an Individual,**          )   **Case No.  37-2008-00077669-CU-MC-CTL**
                                               )
12         **Plaintiff,**                      )   Judge:  Hon. Ronald S. Prager
                                               )   Dept.:  C-71
13  **vs.**                                    )
                                               )   MEMORANDUM OF POINTS AND
14  **Bank of America Corporation, a Delaware**)   AUTHORITIES IN SUPPORT OF
    **Corporation; and DOES 1-50, inclusive,** )   PLAINTIFF'S *EX PARTE* APPLICATION
15                                             )   FOR CONTINUANCE OF DISMISSAL
           **Defendants.**                     )   DATE
16                                             )
                                               )   Date: June 26, 2008
17                                             )   Time: 8:15 a.m.
                                               )   Dept.: C-71
18  _____        )

19

20

21        Plaintiff James Dresser hereby presents his Memorandum of Points and Authorities in

22  support of his *ex parte* Application to continue the court's dismissal date from June 27, 2008,

23  until July 18, 2008.

24

25

26

27

28                              - 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

The declaration of Daniel Yauger, filed herewith, is incorporated herein by reference.

In this identity theft case, James Dresser, the plaintiff herein, sued Bank of America for damages arising out of fraudulent activities on his accounts with Bank of America, resulting damages, including impairment of his credit rating. On May 8, 2008, the parties agreed to a conditional settlement, subject to the agreement of the parties on the language of the settlement agreement, and in particular, the language of a "To Whom It May Concern" letter from Bank of America to be given to Dresser to help repair his credit

On May 8, 2008, Dresser's counsel filed a Notice of Conditional Settlement with the court. The case was placed on a 45-dismissal date to be dismissed without prejudice on June 27, 2008, unless a judgment or dismissal was filed, or unless a party appeared *ex parte* to show good cause why this complaint should not be dismissed.

Several weeks passed while Bank of America's counsel conferred with its principal over the specific language of the settlement agreement and related documents. In the meantime, Dresser determined that the terms of the tentative settlement were no longer acceptable, and he advised his counsel of this. In addition, as of June 17, 2008, Bank of America has not provided Dresser with documents which were required by the terms of the tentative settlement.

As is stated in the declaration of Daniel Yauger, filed herewith, Dresser's current counsel is no longer able to represent him in this matter. Dresser therefore appears *ex parte* by his current counsel to request that this dismissal date be continued from June 27, 2008, until July 18, 2008, to allow Dresser more time to retain a new attorney to represent him in this matter.

### II. THE COURT SHOULD ORDER THAT THE DISMISSAL DATE BE CONTINUED UNTIL JULY 17, 2008, TO ALLOW DRESSER TO RETAIN A NEW ATTORNEY

There is good cause for continuing the court dismissal date. As is set forth in set forth in the declaration of Daniel Yauger hereto, Dresser's current counsel believes that he can no longer

- 2 -

1   properly represent Dresser's interests. Dresser and his current counsel are in agreement that

2   under these circumstances, Dresser should find another attorney to represent him.

3        Dresser needs additional time to locate and discuss the matter with potential replacements

4   for his current counsel, and, therefore, the case should not be automatically dismissed on June 27,

5   2008, but should be continued to allow Dresser time to retain new counsel.

6                        **III. RELIEF REQUESTED**

7        The plaintiff respectfully requests that the court continue the dismissal date from June 27,

8   2008, until July 18, 2008.

9   DATED: *June 18, 2008*

10                              **LAW OFFICES OF DANIEL YAUGER**

11

12                              **Daniel Yauger, Esq., Attorney for Plaintiff**
                                **James Dresser**

13

14

15

16

17

18

19

20

21

22

23  C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Ex Parte\ex parte P&A.002.wpd

24

25

26

27

28                              - 3 -

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR
CONTINUANCE OF DISMISSAL DATE

1  **LAW OFFICES OF DANIEL YAUGER**
   Daniel Yauger, Esq. (SBN 151671)
2  3170 Fourth Avenue, Third Floor
   San Diego, California 92103-5850
3  Tel: (619) 296 1600; Fax: (619) 296 1200

4  Attorney for Plaintiff James Dresser

5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10

11  James Dresser, an Individual,          )  Case No. 37-2008-00077669-CU-MC-CTL
                                            )
12          Plaintiff,                      )  Judge: Hon. Ronald S. Prager
                                            )  Dept.: C-71
13  vs.                                     )
                                            )  DECLARATION OF DANIEL YAUGER IN
14  Bank of America Corporation, a Delaware )  SUPPORT OF PLAINTIFF'S *EX PARTE*
    Corporation; and DOES 1-50, inclusive, )  APPLICATION FOR CONTINUANCE OF
15                                          )  DISMISSAL DATE
            Defendants.                     )
16                                          )  Date:  June 26, 2008
                                            )  Time:  8:15 a.m.
17                                          )  Dept.: C-71
                                            )
18  _____ )

19

20

21          I, Daniel Yauger, declare as follows:

22          1.  I am an attorney at law, licensed in the State of California, and am counsel of record

23  for the plaintiff herein.  I personally handle the day-to-day matters on this file, and I have

24  personal knowledge of the matters stated herein.  If called as a witness, I could and would testify

25  to the truth of these matters under penalty of perjury.

26          2.  This is an identity theft case.  The complaint, which was filed on February 8, 2008,

27  alleged *inter alia*, that persons unknown had fraudulently opened accounts in plaintiff James

28                                          - 1 -

1    Dresser's name with Bank of America, made fraudulent charges against Dresser's legitimate

2    accounts, and transferred money from these legitimate accounts. Dresser alleged that defendant

3    Bank of America was aware of the fraudulent activity but failed to take proper steps to prevent

4    these transactions, thereby impairing his credit rating and causing him financial and other

5    damages.

6        3.  Defendant Bank of America, the sole defendant, has not appeared in this matter.

7    However, after Bank of America was served, counsel for the parties attempted to settle the case.

8        4.  On May 8, 2008, after several weeks of negotiation, the parties agreed to the key terms

9    of the settlement, with the settlement to be memorialized in a formal settlement agreement to be

10    drafted by Bank of America.  The key terms of the agreement were that Bank of America would

11    pay the plaintiff a stated sum which included attorney's fees; correct fraudulent charges to

12    Dresser's bank account; send corrective documents to the credit reporting agencies, and provide

13    Dresser with a "To Whom It May Concern" letter exonerating Dresser from liability on debts

14    incurred fraudulently on his accounts.  The content of the letter and the notices to the credit

15    bureaus was discussed in general terms, with acceptable, specific language of these documents to

16    be negotiated as a condition precedent to a final settlement.  After discussing the proposed terms

17    with Dresser and obtaining his consent, the undersigned advised Bank of America's counsel that

18    the terms were acceptable, with the caveat that the plaintiff would need to approve the language

19    of the "To Whom It May concern" letter and credit reporting agency documents prior to Dresser

20    signing the settlement agreement.

21        5.  On  May 8, 2008, the plaintiff filed a Notice of Conditional Settlement, pursuant to

22    Local Rule 2.1.14, and the plaintiff requested that the case be placed on a 45-day dismissal

23    calendar.  On May 14, 2008, the court set the case for automatic dismissal on June 27, 2008.

24        6.  Several weeks passed while Bank of America's counsel conferred with its principal on

25    the precise language that would be acceptable to Bank of America in the settlement agreement,

26    including the language of the "To Whom It May Concern" letter and the documents to be sent to

27    the credit reporting agencies. During this hiatus, Dresser determined that the terms of the

28                                - 2 -

1  settlement were no longer acceptable to him.  Dresser has advised the undersigned that he would

2  not sign a settlement agreement containing the terms of the conditional settlement made on May

3  8, 2008.  In addition, as of June 17, 2008, defendant Bank of America has failed to provide

4  Dresser with the "To Whom It May Concern" letter and the documents to be sent to the credit

5  reporting agencies.

6      7.  The undersigned believes that he can no longer properly represent Dresser's interests

7  in this case.  Dresser and the undersigned have mutually agreed that under these circumstances,

8  Dresser must obtain new counsel.  Dresser has advised the undersigned that he has been actively

9  seeking new counsel, but that he needs additional time to find a new attorney to represent him in

10  this matter.

11      8.  Accordingly, I request that the current dismissal date of June 27, 2008, be continued

12  until July 18, 2008, three weeks beyond the currently scheduled dismissal date, to allow Dresser

13  time to obtain new counsel.

14      9.  Defendant Bank of America Corporation has not appeared in this action.

15      10.  On June 18, 2008, I left a voice mail messages for Bank of America Corporation's

16  counsel, Abraham Coleman and Veronica Kuiumdjian, advising them that I would be appearing

17  in this department on the day and time set forth above for the purposes stated in the Application

18  herein.

19

20

21      Sworn to under penalty of perjury this _18_ day of _June_, 2008, in San

22  Diego, CA.

23

24

25      **Daniel Yauger**

26

27

28                  - 3 -

1   **LAW OFFICES OF DANIEL YAUGER**
    Daniel Yauger, Esq. (SBN 151671)
2   3170 Fourth Avenue, Third Floor
    San Diego, California 92103-5850
3   Tel: (619) 296 1600; Fax: (619) 296 1200

4   Attorney for Plaintiff James Dresser

5

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11  James Dresser, an Individual,          )    Case No.  37-2008-00077669-CU-MC-CTL
                                           )
12         Plaintiff,                      )    Judge:  Hon. Ronald S. Prager
                                           )    Dept.:  C-71
13  vs.                                    )
                                           )    NOTICE OF LIEN
14  Bank of America Corporation, a Delaware )
    Corporation; and DOES 1-50, inclusive, )
15                                         )
           Defendants.                     )
16                                         )
                                           )
17                                         )
                                           )
18  _____ )

19

20

21
          Please take notice that pursuant to written contract, the Law Offices of Daniel Yauger
22
    claims a lien for legal services rendered in the amount of $3,333.33 on any recovery in this
23
    action.
24

25

26

27

28
                                                            5 - 4/18/0 8

1

2   DATED:  6/7/08 _____          LAW OFFICES OF DANIEL YAUGER

3

4                                  Daniel Yauger, Esq., Attorney for Plaintiff
                                   James Dresser
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\lien.001.wpd

27

28
                                   -  2  -

**PROOF OF SERVICE**

1

2     I, the undersigned, declare:

3     My business address is, and at all times mentioned herein was, located in San Diego

4  County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5  State Bar of California and am not a party to this action.

6     On *June 18*, 2008, I served a true copy of **Notice of Lien** by depositing same in a

7  sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego, CA 92103, with

8  postage thereon fully prepaid, addressed as follows:

9

10    Reed Smith LLP                          Attorneys for Defendant
      Attn: Abraham Colman, Esq.              Bank of America Corporation
11    355 S. Grand Ave., Ste. 2900
      Los Angeles, CA 90071-1514
12    (213) 457 8075
      (213) 457 8080 (fax)
13
      James Dresser                           Plaintiff *in pro per*
14    14972 Lyons Valley Road
      Jamul, CA  91935
15    (619) 840 6291

16

17    I declare under penalty of perjury under the laws of the State of California that the

   foregoing is true and correct.
18
      Executed on *June 18*, 2008, at San Diego, CA.
19

20

21

22    _____
                       Daniel Yauger
23

24

25

26

27  C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.000.wpd

28

1 **LAW OFFICES OF DANIEL YAUGER**
   **Daniel Yauger, Esq. (SBN 151671)**
2 **3170 Fourth Avenue, Third Floor**
   **San Diego, California 92103-5850**
3 **Tel: (619) 296 1600; Fax: (619) 296 1200**

4 **Attorney for Plaintiff James Dresser**

5

6

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SAN DIEGO**

10

| | |
|---|---|
| 11 **James Dresser, an Individual,** | **Case No. 37-2008-00077669-CU-MC-CTL** |
| 12     **Plaintiff,** | **Judge: Hon. Ronald S. Prager** <br> **Dept.: C-71** |
| 13 vs. | |
| 14 **Bank of America Corporation, a Delaware** <br> **Corporation; and DOES 1-50, inclusive,** | Supplemental DECLARATION OF DANIEL <br> YAUGER IN SUPPORT OF PLAINTIFF'S <br> *EX PARTE* APPLICATION FOR <br> CONTINUANCE OF DISMISSAL DATE |
| 15 | |
| 16     **Defendants.** | Date: June 26, 2008 <br> Time: 8:15 a.m. <br> Dept.: C-71 |
| 17 | |
| 18 | |

19

20

21

22     I, Daniel Yauger, declare as follows:

23     1. I am an attorney at law, licensed in the State of California, and am counsel of record

24 for the plaintiff herein. I personally handle the day-to-day matters on this file, and I have

25 personal knowledge of the matters stated herein. If called as a witness, I could and would testify

26 to the truth of these matters under penalty of perjury.

27     2. The Supplemental Declaration is to advise the Court that on June 18, 2008, I faxed a

28                        - 1 -

1  copy of the within *ex parte* application to Abraham Colman, Esq., of Reed Smith (tel. 213 457

2  8075), counsel for defendant Bank of America.  That same day, I spoke with Veronica

3  Kuiumdjian, Esq., of Reed Smith (tel. 213 457 8052) , who acknowledged receipt of the faxed

4  copy of the *ex parte* application.

5     3.  On June 19, 2008, Ms. Kuiumdjian advised me by e-mail that counsel for Bank of

6  America Corporation would be appearing telephonically at the *ex parte* hearing and would

7  oppose the within *ex parte* application for a continuance of the dismissal date of the complaint

8  herein.

9     Sworn to under penalty of perjury this **19** day of **June**, 2008, in San

10 Diego, CA.

11

12

13   **Daniel Yauger**

14

15

16

17

18

19

20

21   C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Ex Parte\supplement dec.001.wpd

22

23

24

25

26

27

28                    - 2 -



# LAW OFFICES OF DANIEL YAUGER

3170 FOURTH AVENUE, 3RD FLOOR
SAN DIEGO, CA 92103
TELEPHONE (619) 296 1600
FACSIMILE (619) 296 1200

# FAX COVER SHEET

**TO:** Veronica Kulumdjian

**COMPANY:** & Reed Smith

**FAX NUMBER:** ( 213) 457-8080

**FROM:** Daniel Yauger

**SUBJECT:** Dresen v. B of A

**DATE:** 6/19/08

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 3

---

**MESSAGE:**

ENCL: supplemental dec. re ex parte

PLEASE CALL US AT THE ABOVE NUMBER IF YOU DID NOT RECEIVE ALL OF THE PAGES, OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.

---

THE INFORMATION IN THIS FAX TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. THIS TRANSMISSION MAY CONTAIN ATTORNEY-CLIENT COMMUNICATIONS, ATTORNEY WORK PRODUCT, OR OTHER SIMILAR INFORMATION. THE INFORMATION IN THIS TRANSMISSION MAY NOT BE DISCLOSED, REVIEWED, DISSEMINATED, DISTRIBUTED, OR COPIED. IF YOU ARE NOT A DESIGNATED RECIPIENT, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE, ALONG WITH ANY COPIES, BY UNITED STATES MAIL. THANK YOU.

1

2

3

4

5

6

7

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SAN DIEGO**

10

11   James Dresser, an Individual,      )  Case No.  37-2008-00077669-CU-MC-CTL

12          Plaintiff,          )  Judge:  Hon. Ronald S. Prager
                           )  Dept.:  C-71

13   vs.                     )
                           )  [PROPOSED] ORDER CONTINUING

14   Bank of America Corporation, a Delaware  )  DISMISSAL DATE
    Corporation; and DOES 1-50, inclusive,   )

15                       )
      Defendants.         )  Date: June 26, 2008

16                       )  Time: 8:15 a.m.
                      )  Dept.: C-71

17                       )

18   _____)

19

20

21

22      Plaintiff James Dresser, having applied to this Court for an Order to continue the

23 dismissal date for the complaint in this case from June 27, 2008, until July 18, 2008, and GOOD

CAUSE APPEARING THEREFORE,

24      IT IS HEREBY ORDERED that the application is GRANTED.  The previous Notice of

25 Dismissal of May 14, 2008, is vacated, and it is hereby ordered that unless a judgment or

26 dismissal is filed, or there is a further showing why the case should not be dismissed, the court

27 will dismiss the above-entitled case without prejudice on July 18, 2008.

28                       - 1 -

n-06/19/08

1   will dismiss the above-entitled case without prejudice on July 18, 2008.

2        IT IS SO ORDERED.

3

4   **DATED:**                    _____

5                                **Judge of the Superior Court**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Ex Parte\order.002.wpd

28

[PROPOSED] ORDER CONTINUING DISMISSAL DATE

1  Abraham J. Colman (SBN 146933)
   Felicia Y. Yu (SBN 193316)
2  Veronica Kuiumdjian (SBN 244825)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
4  Telephone:    (213) 457 8000
   Facsimile:    (213) 457 8080

F I L E D
Clerk of the Superior Court
JUN 19 2008
By: C. BANKS, Deputy

5

6  Attorneys for Defendant
   Bank of America, N.A. (erroneously sued herein
7  as Bank of America Corporation)

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

                   FOR THE COUNTY OF SAN DIEGO
10

11  JAMES DRESSER, an Individual,        ) No.: 37-2008-00077669-CU-MC-CTL
                                         )
12                  Plaintiff,           ) **DEFENDANT BANK OF AMERICA, N.A.'S**
                                         ) **NOTICE OF TELEPHONIC**
13          vs.                          ) **APPEARANCE AT EX PARTE HEARING**
                                         )
14  BANK OF AMERICA CORPORATION; and     ) Date:         June 26, 2008
    DOES 1-50, inclusive,                ) Time:         8:15 a.m.
15                                       ) Dept.:        C-71
                                         )
16                  Defendants.          ) Honorable Ronald S. Prager
                                         )
17                                       )
                                         )
18  _____ )

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFF HIS ATTORNEYS OF RECORD:**


PLEASE TAKE NOTICE that Defendant Bank of America, N.A. ("Bank of America") hereby notifies this Court and all parties that its counsel, Abraham J. Colman, Esq., will appear on its behalf by telephone at the hearing regarding Plaintiff's Ex Parte Application For An Order To Continue The Court's Dismissal Date, which is scheduled for June 26, 2008, at 8:15 a.m. in Department C-71, in the above-entitled Court.


DATED:  June 19, 2008.

REED SMITH LLP

By _____
   Abraham J. Colman
   Felicia Y. Yu
   Veronica Kuiumdjian
   Attorneys for Defendant
   Bank of America, N.A.

DOCSLA-15644549.1

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF TELEPHONIC APPEARANCE AT EX PARTE HEARING

# COURTCALL, LL

**6383 Arizona Circle, Los Angeles, CA 90045**
**(TEL) (888) 882-6878 or (310) 342-0888**
**(FAX) (888) 883-2946 or (310) 743-1850**
**www.courtcall.com**

WE ARE NOW OFFERING ONLINE SERVICES! - VISIT OUR WEBSITE AT
WWW.COURTCALL.COM OR ASK A COURTCALL REPRESENTATIVE FOR MORE INFORMATION

Schedule new Telephonic Appearances online by registering for this free service. A copy of the registration
form can be found on our homepage. Once registration is complete you will be able to:

* View up to twelve months of past Telephonic Appearances
* View any future Telephonic Appearances
* Review payment information for each confirmed Telephonic Appearance
* Cancel future confirmed Telephonic Appearances
* Verify and update your profile

There are no registration fees and you will have access to your profile within two business days of our receipt
of your completed CourtCall Online Scheduling Registration Form.

ATTENTION EXISTING AND NEW COURTCALL DEBIT ACCOUNT HOLDERS!

All existing CourtCall Debit Account holders can now also register for online accounting. All firms signing
up for a new CourtCall Debit Account will automatically be registered for this service. Once registration is
complete, firm administrators will be able to:

* Review and edit Firm Profile information
* Add funds to the CourtCall Debit Account
* View and print CourtCall Debit Ledgers containing detailed transaction information, up to twelve months in
the past

If you are already using a CourtCall Debit Account and wish to register for our online accounting service,
please contact our accounting department at the number listed above.

To open a new CourtCall Debit Account and automatically receive online accounting services, please visit
our website at www.courtcall.com and click the FAQ tab and the 'Debit Account' link for more detailed
information or ask a CourtCall representative to send you the information via fax or email.

ONLINE SERVICES ARE OPTIONAL AND YOU MAY STILL CALL OUR CUSTOMER SERVICE
AND ACCOUNTING DEPARTMENTS M-F 5:25AM - 5:25PM PT FOR ASSISTANCE.

| Attorney Appearing: | Calendar Status |
|---|---|
| Abraham Colman<br><br>Reed Smith, LLP<br><br>**Tel No:** 213-457-6490    **Fax No:** 213-457-8080<br>**Representing:** Defendant(s), Bank Of America | Your CourtCall Appearance has been confirmed for Judge Ronald S. Prager, Dept. 71 at 8:15 AM on Thursday, June 26th, 2008<br><br><br>At five minutes prior to the above time, dial (800) 776-0316. This call will be operator assisted. |

# CONFIRMATION

**San Diego Superior Court-Central(HOJ)**

| | | **Be prompt, or your case may be heard without you!** |
|---|---|---|
| Case Name | Dresser vs Bank Of America | |
| Case Number | 37-2008-00077669 | **If you encounter any problems or if the Court has not joined the call within 15 minutes, remain on your teleconference and have a staff member call CourtCall, LLC at (310)342-0888 or 1(888)88 COURT.** |
| Nature of hearing: | Ex Parte Application | |
| CourtCall ID# | 2265795    (not access code) | |

### Mandatory Instructions For Making A CourtCall® Appearance

**1. IT IS COUNSEL'S RESPONSIBILITY TO DIAL INTO THE CONFERENCE AT LEAST FIVE MINUTES PRIOR TO THE SCHEDULED APPEARANCE TIME. COURTCALL DOES NOT CALL COUNSEL!** If you are unavoidably late and the Court is already in session, you must wait for an appropriate moment to announce yourself. Do not interrupt the Judge.

**NEVER PLACE THE CONFERENCE ON HOLD. CELLULAR AND PAYPHONES ARE STRICTLY PROHIBITED.**

**2.** When speaking with the Court, **always talk directly into the handset and state your name clearly each time you speak. DO NOT USE YOUR SPEAKERPHONE** as it may compromise the quality of the call for ALL participants, including the Court.
**3.** When you place your call, you must be in a **QUIET AREA. Give the Court your absolute undivided attention.** All background noise must be eliminated (i.e. cell phones, pagers, intercoms, typing, paper shuffling, dogs barking, babies crying, etc.) Your attention must be focused solely on the Court and you should refrain from making any unnecessary noise or engaging in conversations with others. Disruptions on the conference line will not be tolerated by the Court.
**4.** Once you have dialed into the conference you may be checked in by an operator or a clerk, alternatively, you may not be addressed until the Court calls your specific case. Listen carefully to the Court proceedings as the Court may make general observations applicable to all matters which will not be repeated.
*** **The Court expects you to act professionally and failure to adhere to these instructions may result in the termination of your call or the entire conference, sanctions for a non-appearance or an order for counsel to appear in Court at the next session or such other consequences the Court deems appropriate, as well as withdrawing the privilege of appearing telephonically in the future.** ***
It is counsel's responsibility to notify CourtCall of any continuance or cancelation prior to the scheduled hearing time to have your fee apply to the continued hearing or to be eligible for a refund as the Court will not notify CourtCall of any continuance or cancelation of your matter. Matters continued at the time of the hearing require a new form and a new fee for the continued date. **To continue or cancel your CourtCall Appearance: Call (888) 882-6878 prior to the scheduled appearance time.**
*Stop writing checks or tracking credit card charges, open a CourtCall debit account and receive a monthly ledger identifying each CourtCall Appearance. Please call our office for details. Our address is CourtCall LLC, 6383 Arizona Circle, Los Angeles, CA 90045.*

Lisa Ortiz                **CONFIRMATION FOR COURTCALL® TELEPHONIC APPEARANCE**  Our Tax ID# 95-4568415

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 19, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF TELEPHONIC APPEARANCE AT EX PARTE HEARING**

☒ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| Daniel Yauger, Esq. Law Offices of Daniel Yauger 3170 Fourth Ave. Third Floor San Diego, CA 92103-5850 | Attorney for Plaintiff |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 19, 2008, at Los Angeles, California.

*Davina Bernal*

Davina M. Bernal

DOCSLA-15644549.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Abraham J. Colman (SBN 146933)
   Felicia Y. Yu (SBN 193316)
2  Veronica Kuiumdjian (SBN 244825)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
4  Telephone:   (213) 457 8000
   Facsimile:    (213) 457 8080
5
   Attorneys for Defendant
6  Bank of America, N.A. (erroneously sued herein
   as Bank of America Corporation)
7

F I L E D
Clerk of the Superior ?

JUN 2 5 2008

By: C. BANKS, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10

11  JAMES DRESSER, an Individual,           )  No.: 37-2008-00077669-CU-MC-CTL
                                            )
12                        Plaintiff,        )  **DEFENDANT BANK OF AMERICA, N.A.'S**
                                            )  **OPPOSITION TO PLAINTIFF'S EX**
13           vs.                            )  **PARTE APPLICATION FOR**
                                            )  **CONTINUANCE OF DISMISSAL DATE**
14  BANK OF AMERICA CORPORATION; and        )
    DOES 1-50, inclusive, ,                 )  Date:        June 26, 2008
15                                          )  Time:        8:15 a.m.
                         Defendants.        )  Dept.:       C-71
16                                          )
                                            )  Honorable Ronald S. Prager
17                                          )
                                            )
18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE
APPLICATION FOR CONTINUANCE OF DISMISSAL DATE

# MEMORANDUM OF POINTS AND AUTHORITIES

On July 18, 2008, Plaintiff James Dresser served an Ex Parte Application to Continue the Dismissal Date. The Ex Parte Application should be denied because Plaintiff has agreed to settle this matter with Bank of America, N.A. ("Bank of America") and now seeks to rescind his agreement.

On May 8, 2008, the parties agreed verbally to a settlement. *See* Colman Decl. ¶ 3. Thereafter, Plaintiff's counsel sent an email to Bank of America's counsel, Abe Colman, confirming the settlement and stating that his client accepted the terms of the settlement offered by Bank of America. *See* Exhibit 1, attached to Colman Decl. Further, after the parties agreed to settle, Plaintiff's counsel filed a Notice of Conditional Settlement with the court, with dismissal scheduled for June 27, 2008. *See* Exhibit 2, attached to Colman Decl. Bank of America has already executed a substantial part of its obligations under the settlement agreement with regard to the accounts at issue and will be severely prejudiced should the settlement not stand. *See* Colman Decl. ¶ 6. Bank of America should not have to re-engage in settlement discussions and litigate a case it has already settled. Dresser's interests have already been fully and adequately represented and the case should be dismissed pursuant to the parties' agreement. Plaintiff's attorney in his declaration admits that "the parties agreed to the key terms of the settlement, with the settlement to be memorialized in a formal settlement agreement to be drafted by Bank of America." *See* Yauger Decl. ¶ 4.

There is no good cause to show why this case should not be dismissed on June 27, 2008. Good cause does not exist simply because Plaintiff has changed his mind or wants a better deal. Thus, Bank of America respectfully requests that the court deny Plaintiff's ex parte application and maintain the current dismissal date of June 27, 2008 as scheduled.

Alternatively, if the court is inclined to continue the dismissal date, Bank of America asks that the court order Plaintiff to participate in a settlement conference with Bank of America so

DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE
APPLICATION FOR CONTINUANCE OF DISMISSAL DATE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  that the agreed upon settlement can be finalized.

2

3      DATED:  June 25, 2008.

4                                          REED SMITH LLP

5                                          By

6                                             Abraham J. Colman
                                            Felicia Y. Yu
7                                             Veronica Kuiumdjian
                                            Attorneys for Defendant
8                                             Bank of America, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a

party to the within action. My business address is REED SMITH LLP,

355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 25, 2008, I served

the following document(s) by the method indicated below:

**DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF DISMISSAL DATE**

☒ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒ by transmitting via email to the parties at the email addresses listed below:

| Daniel Yauger, Esq. Law Offices of Daniel Yauger 3170 Fourth Ave. Third Floor San Diego, CA 92103-5850 | Attorney for Plaintiff |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the

above is true and correct. Executed on June 25, 2008, at Los Angeles, California.

*Davina Bernal*

Davina M. Bernal

DOCSLA-15645143.1

- 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    (213) 457 8000
Facsimile:    (213) 457 8080

Attorneys for Defendant
Bank of America, N.A. (erroneously sued herein
as Bank of America Corporation)

F I L E
Clerk of the Superior Co

JUN 2 5 2008

By: _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES DRESSER, an Individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA CORPORATION; and<br>DOES 1-50, inclusive, ,<br><br>                    Defendants. | No.: 37-2008-00077669-CU-MC-CTL<br><br>**DECLARATION OF ABRAHAM J. COLMAN IN SUPPORT OF BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF DISMISSAL DATE**<br><br>Date:        June 26, 2008<br>Time:        8:15 a.m.<br>Dept.:       C-71<br><br>Honorable Ronald S. Prager |

DECLARATION OF ABRAHAM J. COLMAN IN SUPPORT OF BANK OF AMERICA N.A.'S OPPOSITION
TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF DISMISSAL DATE

# DECLARATION OF ABRAHAM J. COLMAN

I, Abraham J. Colman, declare:

1.      I am an attorney at law licensed to practice before the Courts of the State of California, and I am a partner at the law firm Reed Smith, LLP, attorneys of record for Defendant Bank of America, N.A. ("Bank of America") in this matter.  I make this declaration on the basis of personal knowledge, and if called as a witness I could and would testify competently thereto under oath.

2.      I am one of the attorneys representing Defendant Bank of America in this matter.  I have personal knowledge of and am competent to testify to the facts stated below.  This Declaration is submitted in support of the Opposition to Plaintiff's Ex Parte Application for Continuance of Dismissal Date.

3.      On May 8, 2008, Plaintiff James Dresser and Defendant Bank of America agreed to a settlement of this suit.

4.      Attached hereto as Exhibit 1 is a true and correct copy of the email Plaintiff's counsel sent to me on May 8, 2008, confirming in writing that his client accepted the terms of the settlement offered by Bank of America and that he already sent a Notice of Conditional Settlement to the court.

5.      Attached hereto as Exhibit 2 is a true and correct copy of the Notice of Conditional Settlement that Plaintiff's counsel filed with the court on May 8, 2008.

6.      Bank of America has already executed a substantial portion of its obligations under the settlement agreement with regard to the accounts at issue in this case.

- 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct, and this declaration was executed on June 25, 2008 in Los Angeles,

3  California.

4

5                        Abraham J. Colman, Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DECLARATION OF ABRAHAM J. COLMAN IN SUPPORT OF BANK OF AMERICA N.A.'S OPPOSITION
TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF DISMISSAL DATE

**EXHIBIT 1**

## Colman, Abraham J.

**From:** Colman, Abraham J.
**Sent:** Wednesday, June 25, 2008 9:44 AM
**To:** Colman, Abraham J.
**Subject:** FW: Dresser v. Bank of America

---

**From:** Daniel James Yauger [mailto:yauger@ix.netcom.com]
**Sent:** Thursday, May 08, 2008 9:27 AM
**To:** Colman, Abraham J.
**Subject:** Dresser v. Bank of America

Abe:

This confirms our discussion this morning. My client accepts the offer set forth in your e-mail to me of 5/7/08.

I have sent a notice of conditional dismissal to the court and will provide you with a conformed copy once I have received it. A service copy is being mailed to you today.

Thank you for your assistance in this matter.

LAW OFFICES OF DANIEL YAUGER
3170 Fourth Avenue, 3rd Floor
San Diego, CA 92103
(619) 296 1600/fax (619) 296 1200
e mail: yauger@ix.netcom.com

**EXHIBIT 2**

1  LAW OFFICES OF DANIEL YAUGER
   Daniel Yauger, Esq. (SBN 151671)
2  3170 Fourth Avenue, Third Floor
   San Diego, California 92103-5850
3  Tel: (619) 296 1600; Fax: (619) 296 1200

4  Attorney for Plaintiff James Dresser

F I L E D
Clerk of the Superior Court

MAY 0 8 2008

By: K SANDOVAL, Deputy

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11 | James Dresser, an Individual,          )  Case No.  37-2008-00077669-CU-MC-CTL
   |                                         )
12 |         Plaintiff,                      )  Judge:  Hon. Ronald S. Prager
   |                                         )  Dept.:  C-71
13 | vs.                                     )
   |                                         )  NOTICE OF CONDITIONAL
14 | Bank of America Corporation, a Delaware )  SETTLEMENT
   | Corporation; and DOES 1-50, inclusive,  )
15 |                                         )  [Local Rule 2.1.14]
   |         Defendants.                     )
16 |                                         )
   |                                         )
17 |                                         )
   |                                         )
18 | _____        )

19

20

21

22      TO THE COURT:

23          Pursuant to Local Rule 2.1.14, please take notice that this case has been conditionally
   settled.

24
          The settlement requires dismissal only after full performance of the settlement terms.
25
   The plaintiff requests that this case be placed on a 45-day dismissal calendar.
26
          Defendant Bank of America Corporation has not appeared in this action.
27

28

                                    -  1  -

1

2    DATED: _May 8, 2008_                    LAW OFFICES OF DANIEL YAUGER

3                                            _____

4                                            Daniel Yauger, Esq., Attorney for Plaintiff
                                             James Dresser
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\settlement.002.wpd
27

28
                                        – 2 –

                                 **NOTICE OF SETTLEMENT**

1                              **PROOF OF SERVICE**

2        I, the undersigned, declare:

3        My business address is, and at all times mentioned herein was, located in San Diego

4 County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the

5 State Bar of California and am not a party to this action.

6        On _May 8_, 2008, I served a true copy of **Notice of Conditional Settlement** by

7 depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego,

8 CA 92103, with postage thereon fully prepaid, addressed as follows:

9

10       Reed Smith LLP                    Attorneys for Defendant
         Attn: Abraham Colman, Esq.         Bank of America Corporation

11       355 S. Grand Ave., Ste. 2900
         Los Angeles, CA 90071-1514

12       (213) 457 8075
         (213) 457 8080 (fax)

13

14

15        I declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct.

17       Executed on _May 8_, **2008**, at San Diego, CA.

18

19

20                         _____

21                              **Daniel Yauger**

22

23

24

25

26 C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.001.wpd

27

28

# PROOF OF SERVICE

I, the undersigned, declare:

My business address is, and at all times mentioned herein was, located in San Diego County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the State Bar of California and am not a party to this action.

On ___5/16___, 2008, I served a true copy of **Notice of Conditional Settlement (conformed copy)** by depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego, CA 92103, with postage thereon fully prepaid, addressed as follows:

Reed Smith LLP                          Attorneys for Defendant
Attn: Abraham Colman, Esq.              Bank of America Corporation
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071-1514
(213) 457 8075
(213) 457 8080 (fax)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___5/16___, 2008, at San Diego, CA.

_____
Daniel Yauger

C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.000.wpd

1

**PROOF OF SERVICE**

2
I am a resident of the State of California, over the age of eighteen years, and not a

3
party to the within action.  My business address is REED SMITH LLP,

4
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514.  On June 25, 2008, I served

5
the following document(s) by the method indicated below:

6
**DECLARATION OF ABRAHAM J. COLMAN IN SUPPORT OF BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF DISMISSAL DATE**

7

8
☒    by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct 2003(3).

9

10

11
☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

12

13

14

15

16
☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

17

18
☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

19

20
☒    by transmitting via email to the parties at the email addresses listed below:

21

| Daniel Yauger, Esq. | Attorney for Plaintiff |
| Law Offices of Daniel Yauger | |
| 3170 Fourth Ave. | |
| Third Floor | |
| San Diego, CA  92103-5850 | |

22

23

24
I declare under penalty of perjury under the laws of the State of California that the

25
above is true and correct.  Executed on June 25, 2008, at Los Angeles, California.

26

27
Davina M. Bernal

28

- 1 -

DOCSLA-15645190.1

Proof of Service

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| 151671                     (619) 296 1600<br>LAW OFFICES OF DANIEL YAUGER<br>Daniel Yauger, Esq.<br>3170 Fourth Avenue, 3rd Floor, San Diego, CA 92103 | |

TELEPHONE NO.: (619) 296 1600 FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* James Dresser, an Individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
    STREET ADDRESS: 330 W. Broadway
    MAILING ADDRESS: 330 W. Broadway
    CITY AND ZIP CODE: San Diego, CA                92101
    BRANCH NAME: Hall of Justice

CASE NAME: James Dresser, an Individual, v. Bank of
America Corporation, a Delaware
Corporation; and DOES 1-50, inclusive

| **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>37-2008-00077669-CU-MC-<br>CTL |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):*    makes the following substitution:

1. Former legal representative ☐ Party represented self ☒ Attorney *(name):* Daniel Yauger
2. New legal representative ☒ Party is representing self* ☐ Attorney
   a. Name: James Dresser
   b. State Bar No. *(if applicable):*
   c. Address *(number, street, city, ZIP and law firm name, if applicable):*
     14972 Lyons Valley Road, Jamul CA 91935

   d. Telephone No. *(include area code):* (619) 840-6291
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 6/6/08

   James Dresser
   (TYPE OR PRINT NAME)      (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 6/6/08

   Daniel Yauger, Esq.
   (TYPE OR PRINT NAME)      (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 6/6/08
   James Dresser
   (TYPE OR PRINT NAME)      (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2007] | **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

# PROOF OF SERVICE

I, the undersigned, declare:

My business address is, and at all times mentioned herein was, located in San Diego County at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103  I am an active member of the State Bar of California and am not a party to this action.

On *June 30* , 2008, I served a true copy of **Substitution of Attorney** by depositing same in a sealed envelope in the United States Mail at 3170 Fourth Avenue, San Diego, CA 92103, with postage thereon fully prepaid, addressed as follows:

Reed Smith LLP                                    Attorneys for Defendant
Attn: Abraham Colman, Esq.                        Bank of America Corporation
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071-1514
(213) 457 8075
(213) 457 8080 (fax)

James Dresser                                     Plaintiff *in pro per*
14972 Lyons Valley Road
Jamul, CA   91935
(619) 840 6291

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *June 30* , 2008, at San Diego, CA.

_____
**Daniel Yauger**

C:\Documents and Settings\Daniel Yauger\My Documents\CASES DJY\B of A\Pleadings\pos.001.wpd

1   Abraham J. Colman (SBN 146933)
    Felicia Y. Yu (SBN 193316)
2   Veronica Kuiumdjian (SBN 244825)
    REED SMITH LLP
3   355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071-1514
4   Telephone:    +1 213 457 8000
    Facsimile:    +1 213 457 8080
5
    Attorneys for Defendants
6   Bank of America, N.A.

7

8

            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SAN DIEGO

10

11
    JAMES DRESSER, an Individual,        )  No.: 37-2008-00077669-CU-MC-CTL
12                                       )
              Plaintiff,                 )  **DEFENDANT BANK OF AMERICA, N.A.'S**
13                                       )  **NOTICE TO DEMURRER AND**
         vs.                             )  **DEMURRER TO PLAINTIFF JAMES**
14                                       )  **DRESSER'S COMPLAINT;**
    BANK OF AMERICA CORPORATION; and     )  **MEMORANDUM OF POINTS AND**
15  DOES 1-50, inclusive, ,              )  **AUTHORITIES IN SUPPORT THEREOF**
                                         )
16            Defendants.                )  Date:       August 15, 2008
                                         )  Time:       10:00 a.m.
17                                       )  Place:      Dept. 71
                                         )
18                                       )  Compl. Filed:   February 8, 2008
                                         )
19                                          Honorable Ronald S. Prager

20

21

22

23

24

25

26

27

28

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
JUL 10 2008
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................3

II. STATEMENT OF ALLEGED FACTS ..............................................................................3

III. LEGAL ARGUMENT.......................................................................................................4

    A.    Plaintiff's State Common Law Claims of Negligence and Negligent Infliction of Emotional Distress Are Fatally Defective ................................................4

        1.    The FCRA Preempts Plaintiff's Common Law Claims of Negligence and Negligent Infliction of Emotional Distress ...........................4

        2.    Plaintiff's NIED Claim Fails As a Matter of Law .....................................7

    B.    Plaintiff's California FDCPA Claim Under California Civil Code § 1788 Is Fatally Defective ....................................................................................................8

        1.    Plaintiff's Conclusory Allegations Are Legally Insufficient to Plead a California FDCPA Claim ........................................................8

        2.    The California FDCPA is Preempted by the FCRA ...................................9

    C.    Plaintiff's Unfair Business Practices Claim Is Preempted By FCRA..........................10

    D.    The Complaint Fails To State A Valid Claim Under The California Song-Beverly Credit Card Act. ...........................................................................................10

    E.    Plaintiff's Declaratory Relief Claim Fails As A Matter Of Law Because Plaintiff's Other Claims Are Without Merit ................................................................12

IV. CONCLUSION.................................................................................................................12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page

## CASES

*Arikat v. J.P. Morgan Chase & Co.,*
   430 F. Supp. 2d 1013 (N.D. Cal. 2006)............................................................8, 9

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. 1955 (2007)...................................................................................9

*Blank v. Kirwan,*
   39 Cal. 3d 311 (1985)...................................................................................4

*Burgess v. Superior Court, ,*
   2 Cal. 4th 1064 (1992)...................................................................................8

*Camenisch v. Super. Ct.,*
   52 Cal. App. 4th 1689 (1996).........................................................................8

*Clausing v. San Francisco Unified Sch. District,*
   221 Cal. App. 3d 1224 (1990)........................................................................4

*Cooper v. Super. Ct.,*
   153 Cal. App. 3d 1008 (1984).........................................................................8

*Crosstalk Products, Inc. v. Jacobsen,*
   65 Cal. App. 4th 631 (1998)...........................................................................4

*Davis v. Maryland Bank, N.A.,*
   2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002) ................................5, 6, 7, 11

*Erlich v. Menezes,*
   21 Cal. 4th 543 (1999)................................................................................7, 8

*Gorman v. Wolpoff & Abramson, LLP,*
   370 F. Supp. 2d 1005 (N.D. Cal. 2005)...........................................................9

*Howard v. Blue Ridge Bank,*
   371 F. Supp. 2d 1139 (N.D. Cal. 2005)................................................7, 10, 11

*Jaramillo v. Experian Info. Solutions, Inc.,*
   155 F. Supp. 2d 356 (E.D. Pa. 2001)...............................................................7

*J.C. Dalton v. East Bay Municipal Utility District,*
   18 Cal. App. 4th 1577 (1993).........................................................................4

*Lin v. Universal Card Services Corp.,*
   238 F. Supp. 2d 1147 (N.D. Cal. 2002)..........................................................11

*Mercado v. Leong,*
   43 Cal. App. 4th 317 (1996)...........................................................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– ii –

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Nelson v. Chase Manhattan Mortgage Corp.*,
  282 F.3d 1057 (9th Cir. 2002) ........................................................5, 11

*Papasan v. Allain*,
  478 U.S. 265 (1986)...........................................................................9

*Pirouzian v. SLP Corp.*,
  396 F. Supp. 2d 1124 (S.D. Cal. 2005)...............................................10

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal. 4th 965 (1993).........................................................................7

*Rakestraw v. California Physicians' Serv*,
  81 Cal. App. 4th 39 (2000) ................................................................4

*Ratcliff Architects v. Vanir Construction Management, Inc.*,
  88 Cal. App. 4th 595 (2001) .............................................................12

*Riley v. General Motors Acceptance Corp.*,
  226 F. Supp. 2d 1316 (S.D. Ala. 2002) ...........................................7, 10

*Roybal v. Equifax*,
  405 F. Supp. 2d 1177 (E.D. Cal. 2005) ................................................7

*Stafford v. Cross Country Bank*,
  262 F. Supp. 2d 776 (W.D. Ky. 2003)...............................................5, 7

*Winter v. Gnaizda*,
  90 Cal. App. 3d 750 (1979) ..............................................................12

*Young v. Equifax*,
  294 F.3d 631 (5th Cir. 2002) ..............................................................6

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iii –

DOCSLA-15647087.2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that, on August 15, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard in Department 71 of the above-entitled Court located at 220 West Broadway San Diego, California 92101, Defendant Bank of America, N.A. ("Bank of America") will move this Court for an order sustaining its demurrer to all causes of action in Plaintiffs' Complaint. Plaintiff's Complaint asserts causes of action for (1) negligence, (2) negligent infliction of emotional distress, (3) violation of the Fair Debt Collection Practices Act (Civil Code § 1788 *et seq.*), (4) violation of Unfair Business Practices Act (Business and Professions Code § 17200 *et seq.*), (5) violation of Song-Beverly Credit Card Act (Civil Code § 1747 et seq.), and (6) declaratory relief.

   The demurrer will be made upon the grounds set forth in the accompanying demurrer, which is incorporated by this reference.

   Bank of America's demurrer is based on the Notice of Demurrer, Demurrer, the Memorandum of Points and Authorities, all papers and pleadings on file, matters that may be judicially noticed, and any oral argument and evidence that may be presented at the time of hearing of this matter.

   DATED:  July 10, 2008.

   REED SMITH LLP

   By _____
      Abraham J. Colman
      Felicia Y. Yu
      Veronica Kuiumdjian
      Attorneys for Defendants
      Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## DEMURRER

Pursuant to California Code of Civil Procedure Section 430.10, Defendant Bank of America, N.A. ("Bank of America") hereby demurs to the Complaint of Plaintiff James Dresser ("Plaintiff") on the following grounds:

### DEMURRER TO FIRST CAUSE OF ACTION

1.     The First Cause of Action for Negligence fails to state facts sufficient to constitute a cause of action.  Cal. Civ. Proc Code § 430.10(e).

2.     The First Cause of Action for Negligence is uncertain, ambiguous, and unintelligible, and is subject to demurrer under Code of Civil Procedure § 430.10(f).

### DEMURRER TO SECOND CAUSE OF ACTION

1.     The Second Cause of Action for Negligent Infliction of Emotional Distress fails to state facts sufficient to constitute a cause of action.  Cal. Civ. Proc Code § 430.10(e).

2.     The Second Cause of Action for Negligent Infliction of Emotional Distress is uncertain, ambiguous, and unintelligible, and is subject to demurrer under Code of Civil Procedure § 430.10(f).

### DEMURRER TO THIRD CAUSE OF ACTION

1.     The Third Cause of Action for violation of the California Fair Debt Collection Practices Act ("FDCPA") fails to state facts sufficient to constitute a cause of action.  Cal. Civ. Proc Code § 430.10(e).

2.     The Third Cause of Action for violation of the California FDCPA is uncertain, ambiguous, and unintelligible, and is subject to demurrer under Code of Civil Procedure § 430.10(f).

### DEMURRER TO FOURTH CAUSE OF ACTION

1.     The Fourth Cause of Action for relief pursuant to Business and Professions Code Section 17200, *et seq.* fails to state facts sufficient to constitute a cause of action.  Cal. Civ. Proc

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

DOCSLA-15647087.2

1    Code § 430.10(e).

2        2.      The Fourth Cause of Action for relief pursuant to Business and Professions Code

3    Section 17200, *et seq.* is uncertain, ambiguous, and unintelligible, and is subject to demurrer under

4    Code of Civil Procedure § 430.10(f).

## DEMURRER TO FIFTH CAUSE OF ACTION

7        1.      The Fifth Cause of Action for violation of the Song-Beverly Credit Card Act fails to

8    state facts sufficient to constitute a cause of action.  Cal. Civ. Proc Code § 430.10(e).

9        2.      The Fifth Cause of Action for violation of the Song-Beverly Credit Card Act is

10   uncertain, ambiguous, and unintelligible, and is subject to demurrer under Code of Civil Procedure §

11   430.10(f).

## DEMURRER TO SIXTH CAUSE OF ACTION

14       1.      The Sixth Cause of Action for declaratory relief fails to state facts sufficient to

15   constitute a cause of action.  Cal. Civ. Proc Code § 430.10(e).

16       2.      The Fourth Cause of Action for declaratory relief is uncertain, ambiguous, and

17   unintelligible, and is subject to demurrer under Code of Civil Procedure § 430.10(f).

19       DATED:  July 10, 2008.

20                   REED SMITH LLP

22                   By_____

                    Abraham J. Colman

23                       Felicia Y. Yu

                    Veronica Kuiumdjian

24                       Attorneys for Defendants

                    Bank of America, N.A.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15647087.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff James Dresser ("Plaintiff") alleges that he was a victim of identity theft. The identity thief allegedly made charges to, and withdrawals from, Plaintiff's banking, line of credit, and credit card accounts held by Bank of America. Plaintiff's Complaint against Bank of America recites a multitude of claims that fail as a matter of law. First, the Complaint fails to state sufficient facts to sustain Plaintiff's California state law and common law claims. Second, the Fair Credit Reporting Act ("FCRA") expressly preempts and bars the claims involving matters that are exclusively regulated by the FCRA. Accordingly, the Court should dismiss all of Plaintiff's claims against Bank of America for:

(1)    Negligence;

(2)    Negligent Infliction of Emotional Distress;

(3)    Purported violation of the California Fair Debt Collections Practices Act (Cal. Civ. Code 1788 *et seq.*);

(4)    Purported violation of Unfair Business Practices Act (Cal. Business and Professions Code § 17200 *et seq.*);

(5)    Purported violation of Song-Beverly Credit Card Act (Cal. Civ. Code § 1747 *et seq.*);

(6)    Declaratory Relief.

On the face of the Complaint, it is clear that Plaintiff's claims are all fatally, and incurably, defective. Accordingly, the Court should sustain Bank of America's demurrer to the Complaint without leave to amend.

### II.    STATEMENT OF ALLEGED FACTS

Plaintiff James Dresser alleges that he was a victim of identity theft. Complaint, ¶ 6. On or about July 4, 2007, Plaintiff was contacted by Bank of America and was advised that fraudulent activities had been detected on certain of Plaintiff's Bank of America accounts. Complaint, ¶ 8. These accounts were closed and new accounts were opened with Bank of America. *Id.* Alleged fraudulent activity was once again detected on Plaintiff's new Bank of America accounts and

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Plaintiff allegedly informed Bank of America of the fraudulent activity.  Complaint, ¶ 11.  Plaintiff

2    claims that Bank of America caused incorrect credit information resulting from the alleged identity

3    theft to be reported to consumer credit reporting agencies.  Complaint, ¶ 12.

4

5                              **III.    LEGAL ARGUMENT**

6            A demurrer is proper when the pleading fails to allege facts sufficient to state a cause of

7    action.  Cal. Civ. Proc. Code § 430.10(e); *Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985).  To survive a

8    demurrer, a complaint must allege facts "sufficient to establish every element of every cause of

9    action."  *Rakestraw v. California Physicians' Serv*, 81 Cal. App. 4th 39 (2000).  While a court ruling

10   on a demurrer must accept facts properly pleaded as true, a demurrer should be sustained where the

11   allegations clearly disclose a defense or bar to recovery.  *See Crosstalk Prods., Inc. v. Jacobsen*, 65

12   Cal. App. 4th 631, 635 (1998).  Moreover, unless the plaintiff can demonstrate a reasonable

13   possibility that a pleading defect can be cured by amendment, a demurrer should be sustained

14   without leave to amend.  *Blank*, 39 Cal. 3d at 318; *J.C. Dalton v. East Bay Mun. Utility Dist.*, 18 Cal.

15   App. 4th 1577, 1570-71 (1993).  Even when the nature of the pleaded claim is clear, if there is no

16   liability under the substantive law, leave to amend must be denied because the amendment will not

17   alter the outcome.  *Clausing v. San Francisco Unified Sch. Dist.*, 221 Cal. App. 3d 1224, 1233

18   (1990).

19           As set forth in detail below, Plaintiff's causes of action are preempted by the Fair Credit

20   Reporting Act ("FCRA") and the facts are insufficient to support the claims and therefore must be

21   dismissed.  As these defects cannot be amended, Bank of America's demurrer should be sustained

22   without leave to amend.

23   **A.    Plaintiff's State Common Law Claims of Negligence and Negligent Infliction of**

24   **       Emotional Distress Are Fatally Defective**

25   **       1.    The FCRA Preempts Plaintiff's Common Law Claims of Negligence and**

26   **             Negligent Infliction of Emotional Distress**

27           Plaintiff's common law claims for negligence and negligent infliction of emotional distress

28   ("NIED") are indisputably preempted by Section 1681t, as they are premised entirely on the

                                          – 4 –                        DOCSLA-15647087.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  propriety of Bank of America's credit furnishing conduct. The FCRA specifically provides that state

2  law claims that are "inconsistent" with FCRA provisions are barred. *See* 15 U.S.C. § 1681t(a). As

3  pertinent here, Section 1681t(b) of the FCRA prohibits a plaintiff from bringing state law claims

4  against credit furnishers – such as Bank of America – that are premised on conduct already regulated

5  by section 1681s-2 of the FCRA. The FCRA states, in relevant part:

7     No requirement or prohibition may be imposed under the laws of
      any State ... with respect to any subject matter regulated under ...
8     section 1681s-2 of this title, relating to the responsibilities of
      persons who furnish information to consumer reporting agencies
      ....

10  15 U.S.C. § 1681t(b)(1)(F) (emphasis added); *see Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist.

11  LEXIS 26468, at *37 (N.D. Cal. 2002) (stating that "Section 1681t of the FCRA governs the

12  preemptive scope of the FCRA"); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 785-89

13  (W.D. Ky. 2003) (stating that section 1681t(b)(1)(F) "provides furnishers absolute immunity when

14  fulfilling their obligations under § 1681s-2").

15      Section 1681s-2 of the FCRA, in turn, addresses the responsibilities of furnishers of credit

16  information. *See* 15 U.S.C. § 1681s-2(a)-(b) (2006). First, Section 1681s-2(a) provides that "a

17  person shall not furnish any information relating to a consumer to any consumer reporting agency if

18  the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. §

19  1681s-2(a)(1)(A) (emphasis added). Alleged violations of Section 1681s-2(a), however, do not give

20  rise to a private right of action. 15 U.S.C. § 1681s-2(d) (stating that section 1681s-2(a) "shall be

21  enforced exclusively under [section 1681s] by the Federal agencies and officials identified in that

22  section"); *see Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)

23  (stating that "Congress limited the enforcement of the duties imposed by § 1681s-2(a) to

24  governmental bodies"). Second, section 1681s-2(b) of the FCRA, though privately enforceable,

25  imposes additional obligations (such as a duty of investigation) on credit furnishers only after they

26  have been notified by a credit bureau that a consumer disputes the accuracy of the credit information

27  being furnished. 15 U.S.C. § 1681s-2(b)(1); *see Nelson*, 282 F.3d at 1060 (noting that Congress

28  provided "a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a

– 5 –

DOCSLA-15647087.2

1  [credit reporting agency]" about disputes); *Young v. Equifax*, 294 F.3d 631, 639 (5th Cir. 2002)

2  (explaining that "Section 1681s-2(b) imposes duties on furnishers of information to … investigate

3  disputed information and report the results of any such investigation to the consumer reporting

4  agency").

5       Here, Plaintiff's claims of negligence and NIED against Bank of America are premised

6  entirely on the propriety of the Bank of America's credit furnishing conduct. Plaintiff's common law

7  claims are therefore preempted by both Section 1681t(a) and (b) of the FCRA.

8       First, based on Section 1681t(a), Plaintiff's claims are preempted because allowing Plaintiff's

9  claims to proceed would be "inconsistent" with the FCRA. Plaintiff's credit reporting allegations

10  fall within the ambit of Section 1681s-2(a) of the FCRA because they are based on Bank of

11  America's credit furnishing conduct. In fact, courts have specifically held that negligence claims

12  based on a furnisher's knowing or reckless reporting of inaccurate credit information fall squarely

13  within the category of conduct regulated by Section 1681s-2. *See, e.g., Davis*, 2002 U.S. Dist.

14  LEXIS 26463, at *45 (preempting Plaintiff's negligence claim because it was based on Defendant's

15  knowing or intentional disregard of Plaintiff's rights in disclosing [credit] information – the "precise

16  conduct which is proscribed under section 1681s-2(a)-(b)") (emphasis omitted).[1]

17       Second, Section 1681t(b)'s subject matter preemption clause also applies. As discussed, the

18  FCRA specifically preempts and bars all state law claims regulating the responsibilities of furnishers

19  of credit information. As Section 1681t(b) states, the conduct of credit furnishers is exclusively

20  regulated by Section 1681s-2 of the FCRA. Here, Bank of America is a furnisher of credit

21  information to credit bureaus. It is well-established that:

22
23       The plain language of section 1681t(b)(1)(F) clearly eliminated all
        state causes of action against furnishers of information, not just
24       ones that stem from statutes that relate specifically to credit
        reporting. To allow causes of action under state statutes that do not
25       specifically refer to credit reporting, but to bar those that do, would
        defy the Congressional rationale for the elimination of state causes
26       of action.

27  [1] In any case, Section 1681s-2(a) is not privately enforceable. Therefore, Plaintiff's claim cannot even proceed under Section 1681s-2(a).

28

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    *Davis*, 2002 U.S. Dist. LEXIS 26463, at *40-41 (quoting *Jaramillo v. Experian Info. Solutions, Inc.*,

2    155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (emphasis added)).  Accordingly, when a state law claim

3    bears any connection to credit furnishing conduct, as it does here, it is preempted by the FCRA. *See,*

4    *e.g., Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143-45 (N.D. Cal. 2005) (preempting UCL

5    claim because "Congress intended the FCRA to be the sole remedy against these furnishers [of credit

6    information]"); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (preempting all state

7    law claims based on credit reporting conduct including UCL, negligent misrepresentation, and

8    negligence claims); *Stafford*, 262 F. Supp. 2d at 785-89 (preempting defamation and slander claims);

9    *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002)

10   (preempting state claims of negligence, defamation, invasion of privacy).  Thus, if all state common

11   law claims bearing any connection to credit furnishing are preempted, Plaintiff is barred as a matter

12   of law from bringing its negligence and NIED claims against Bank of America.

13       **2.    Plaintiff's NIED Claim Fails As a Matter of Law**

14       Another independent reason for dismissing Plaintiff's NIED claim is that "[t]here is no

15   independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber*

16   *Co.*, 6 Cal. 4th 965, 984 (1993).  Instead, "[t]he tort is negligence, a cause of action in which duty to

17   the plaintiff is an essential element." *Id.*  However, "there is no duty to avoid negligently causing

18   emotional distress to another . . ." *Id.*  Thus, "unless the defendant has assumed a duty to plaintiff in

19   which the emotional condition of the plaintiff is an object, recovery is available only if the emotional

20   distress arises out of the defendant's breach of some other legal duty and the emotional distress is

21   proximately caused by that breach of duty." *Id.* at 985; *see Erlich v. Menezes*, 21 Cal. 4th 543, 555

22   (1999).  Plaintiff has not, and cannot, allege that Bank of America has assumed a duty where

23   Plaintiff's emotional condition is an object.  Rather, Plaintiff has alleged merely (and conclusorily)

24   that as "a result of defendants' breaches of duty, the plaintiff has sustained severe emotional

25   distress...." Complaint, ¶ 19.

26       Furthermore, as a matter of well settled California law, damages for mental suffering and

27   emotional distress are not recoverable in an action arising out of economic injury. *Potter*, 6 Cal. 4th

28   at 984; *see Erlich*, 21 Cal. 4th at 554-555 (disallowing emotional distress damages in an action

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   involving the breach of a contract to build Plaintiff's home, notwithstanding that Plaintiff alleged the

2   emotional distress caused him heart disease and forced him to resign his job); *Camenisch v. Super.*

3   *Ct.*, 52 Cal. App. 4th 1689 (1996) (sustaining demurrer to claim for NIED where "emotional upset"

4   arose from "inherently economic concern"); *Mercado v. Leong*, 43 Cal. App. 4th 317, 324 (1996)

5   (holding that emotional distress damages are unlikely where the interests affected are merely

6   economic); *Cooper v. Super. Ct.*, 153 Cal. App. 3d 1008, 1012 (1984). California courts permit

7   recovery for mental anguish only where there is physical injury separate from the alleged distress

8   itself, or when the express object of the contract is the plaintiff's mental and emotional well being

9   which necessarily leads to traumatic results upon breach. *Erlich, supra,* 21 Cal. 4th at 559, *citing*

10  *Burgess v. Superior Court*, 2 Cal. 4th 1064 (1992).

11      Here, Plaintiff cannot recover for emotional distress since he has not, and cannot, allege he

12  suffered bodily harm apart from emotional distress, nor can he allege that he has a contract with

13  Bank of America that places his well-being as its express object. To the contrary, in this case,

14  Plaintiff's NIED claim stems purely from the alleged financial damage to his credit. Moreover,

15  Plaintiff has failed to specifically allege that Bank of America took any actions (let alone extreme

16  and outrageous actions) towards Plaintiff. Therefore, Plaintiff cannot recover for emotional distress

17  damages and her NIED claim should be dismissed without leave to amend.

18  **B.    Plaintiff's California FDCPA Claim Under California Civil Code § 1788 Is Fatally**

19          **Defective**

20          **1.    Plaintiff's Conclusory Allegations Are Legally Insufficient to Plead a California**

21                  **FDCPA Claim**

22      Plaintiff's Complaint is insufficient to state a claim under the California FDCPA because the

23  allegations are vague and conclusory. In analyzing debt collection practices under the California

24  FDCPA, courts have expressly criticized vague statements and held that the date and contents of

25  each alleged communication in violation of the California FDCPA must be pled with particularity.

26  *See Arikat v. J.P. Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006). In *Arikat*, the

27  court found the following allegations to be vague and conclusory and dismissed the plaintiff's

28  California FDCPA claim outright at the pleading stage:

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendants have violated the CFDCPA continuously from February 1,

2    2004 to the present with (1) 'endless annoying and minatory phone calls,'

3    (2) 'endless letters and minatory notices,' (3) calls at 4:00 a.m. and

4    'ceaseless' calls at night, and (4) calls at night and outside their household.

5

6    *Id; see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citing *Papasan v.*

7    *Allain*, 478 U.S. 265, 286 (1986)) (The court firmly established that a plaintiff must plead facts that

8    make out a plausible claim of a violation; that is, "a plaintiff's obligation to provide the 'grounds' of

9    his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

10    the elements of a cause of action will not do."); *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp.

11    2d 1005, 1013 (N.D. Cal. 2005).

12    Here, Plaintiff merely alleges that the "acts and omissions by the defendants are in violation

13    of the California Fair Debt Collection Practices Act...." Complaint, ¶ 21. Plaintiff's blanket and

14    conclusory statement does not even allege whether any attempts at collection were made, how they

15    were made, when these representations were made, by whom, and the content of any collection

16    attempts. If Plaintiff is claiming that Bank of America violated the California FDCPA then Plaintiff

17    certainly knows facts to support such a conclusory allegation. However, remarkably, he has not

18    included any such facts in the Complaint.

19    As held in *Arikat*, blanket and conclusory statements provide insufficient notice to the

20    responding defendant. Plaintiff's failure to identify the credit furnishing conduct at issue, the

21    persons making any communications, the dates these communications were received, and most

22    importantly, the contents of those communications, make such allegations vague and conclusory. In

23    fact, Plaintiff's California FDCPA allegations do not even rise to the level of detail that the plaintiff

24    in *Arikat* provided. Since the claims in *Arikat* were found to be vague and conclusory, the claims

25    here, which are even more conclusory, are subject to dismissal with prejudice.

26    **2.    The California FDCPA is Preempted by the FCRA**

27    Here, Plaintiff's California FDCPA claim, although conclusory and vague, appears to

28    be based on Bank of America's credit furnishing conduct. Because this conduct is already regulated

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    under 1681s-2 of the FCRA, this claim is preempted, and thus barred, by Section 1681t. *See*

2    *Pirouzian v. SLP Corp.* 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005) (holding that claims under the

3    California FDCPA "are preempted by the FCRA [to the extent] they pertain to Defendant's reporting

4    of or failure to report certain information about Plaintiff"). Therefore, the California FDCPA claim

5    should be dismissed for this reason as well.

6    **C.    Plaintiff's Unfair Business Practices Claim Is Preempted By FCRA**

7        FCRA preempts Business and Professions code section 17200 claims against the furnishers

8    of information to credit agencies. The FCRA states that "[n]o requirement or prohibition may be

9    imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F)

10    section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to

11    consumer reporting agencies." 15 USC 1681(b)(1)(F). This court in *Howard v. Blue Ridge Bank*,

12    371 F. Supp. 1139, 1144 (N.D. Cal. 2005) held that "the plain meaning" of this section "expresses

13    Congress's intent to preclude state law claims against furnishers of information, and instead to

14    subject them solely to FCRA." The court granted defendants' motion to dismiss plaintiff's claim

15    under section 17200. *Id*; *see also Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316,

16    1322 (S.D. Ala. 2002) ("there is no question that the statutory prohibition precludes suits under state

17    consumer protection laws.")

18        In addition, Plaintiff lacks standing to bring a 17200 claim, as he has not alleged that he is a

19    "person who has suffered injury in fact and has lost money or property as a result of such unfair

20    competition." § 17204. Moreover, to the extent this 17200 claim is predicated on other claims

21    previously shown to be faulty, it too fails as a matter of law.

22    **D.    The Complaint Fails To State A Valid Claim Under The California Song-Beverly**

23          **Credit Card Act.**

24        Plaintiff's claims under the California Song-Beverly Credit Card Act are preempted by the

25    FCRA. Section 1681s-2(a) and (b) of the FCRA address the responsibilities of furnishers of credit

26    information. *See* 15 U.S.C. § 1681s-2(a)-(b). Section 1681s-2(a) provides that "[a] person shall not

27    furnish information relating to a consumer to any consumer reporting agency if the person has been

28    notified by the consumer . . . that specific information is inaccurate and the information is in fact

– 10 –

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    inaccurate." 15 U.S.C. 1681s-2(a)(1)(B). Section 1681s-2(b) imposes additional obligations, such

2    as a duty of investigation on credit furnishers, but only after they have been notified by a credit

3    bureau that the consumer disputes the accuracy of the credit information furnished. 15 U.S.C. §

4    1681s-2(b)(1); *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir.

5    2002).

6            **1.**     **Section 1747.70**: Section 1747.70 of the Song-Beverly Act prohibits a card

7    issuer from "knowingly" furnishing inaccurate information concerning a cardholder. Cal. Civ. Code

8    § 1757.70(a)-(b). In *Davis v. Maryland Bank, N.A.* 2002 U.S. Dist. Lexis 26468, *36-47 (N.D. Cal.

9    2002), a decision involving a cardholder's suit against his card issuer, the court explicitly and

10   unequivocally held that *Section 1747.70 claims are "clearly preempted under section 1681(b)(1)(F)*

11   *of the FCRA." Id.* (emphasis added). Section 1747.70 is preempted by section 1681t of the FCRA

12   because it implicates subject matter already and exclusively regulated by Section 1681s-2(a)-(b) of

13   the FCRA:

14
15           "Section 1747.70 under the Song-Beverly Act prohibits a card issuer from
        'knowingly giving any untrue credit information to any other person
16           concerning a cardholder.' Cal. Civ. Code § 1747.70(a). This section
        tracks the prohibitions under section 1681s-2. Similarly, the conduct
17           which forms the basis of a violation of section 1747.70(b) implicates
        section 1681s-2(b). Accordingly, Plaintiffs' claims under the section
18           1747.70 of California's Song-Beverly Act are also preempted under
        section 1681t(b)(1)(F)."

19
20   *Davis, supra,* 2002 U.S. Dist. Lexis 26468 at *41-42.

21           **2.**     **Section 1747.50**: In addition, Section 1747.50 relates to the duty to correct

22   billing errors after receiving an inquiry. This section tracks the prohibitions under section 1681s-

23   2(a) and 1681s-2(b) relating to failure to properly investigate the identity theft claim and allegedly

24   inaccurate credit reporting. *See also, Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal.

25   2005); *Lin v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002).

26   Therefore, Plaintiff's claims under sections 1747.70 and 1747.50 of the Song-Beverly Credit Card

27   Act should be barred because the FCRA explicitly preempts them.

28

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES
DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

E.     **Plaintiff's Declaratory Relief Claim Fails As A Matter Of Law Because Plaintiff's Other Claims Are Without Merit**

     Having demonstrated that Plaintiff's other claims are without merit, Plaintiff's sixth cause of action for declaratory relief falls by the wayside. A claim for declaratory relief must demonstrate an "actual controversy." Cal. Civ. Proc. Code § 1060; *see also Winter v. Gnaizda*, 90 Cal. App. 3d 750, 755 (1979). Since all of Plaintiff's other claims are invalid, no actual controversy exists here. Thus, Plaintiff's declaratory relief claim is without merit. *Ratcliff Architects v. Vanir Construction Management, Inc.*, 88 Cal. App. 4th 595, 607 (2001) ("[Plaintiff's] action for declaratory relief depends upon the other causes of action. Since we conclude that [plaintiff] failed to state a claim sufficient to recover on any of its [other] causes of action . . . [plaintiff's] claim for declaratory relief action must also fail as a matter of law.").

## IV. CONCLUSION

     For all the foregoing reasons, Plaintiff has not and cannot state a viable cause of action against Bank of America. Bank of America's demurrers to all of Plaintiff's causes of action should be sustained and therefore dismissed without leave to amend.

     DATED: July 10, 2008.

REED SMITH LLP

By_____
    Abraham J. Colman
    Felicia Y. Yu
    Veronica Kuiumdjian
    Attorneys for Defendants
    Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15647087.2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a

party to the within action. My business address is REED SMITH LLP,

355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On July 10, 2008, I served

the following document(s) by the method indicated below:

**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER AND DEMURRER TO PLAINTIFF JAMES DRESSER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐    by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐    by transmitting via email to the parties at the email addresses listed below:

| James Dresser<br>14972 Lyons Valley Road<br>Jamul, CA 91935<br>(619) 840-6291 | *Plaintiff, In Propia Persona* |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the

above is true and correct. Executed on July 10, 2008, at Los Angeles, California.

Davina M. Bernal

DOCSLA-15647087.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Abraham J. Colman (SBN 146933)
      Felicia Y. Yu (SBN 193316)
2    Veronica Kuiumdjian (SBN 244825)
      REED SMITH LLP
3    355 South Grand Avenue, Suite 2900
      Los Angeles, CA 90071-1514
4    Telephone:    +1 213 457 8000
      Facsimile:    +1 213 457 8080
5

6    Attorneys for Defendants
      Bank of America, N.A.

7

8

9

10

11

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUL 14 2008

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES DRESSER, an Individual,<br><br>          Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION; and<br>DOES 1-50, inclusive, ,<br><br>          Defendants. | No.: 37-2008-00077669-CU-MC-CTL<br><br>***ERRATA*** NOTICE OF HEARING ON DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER TO PLAINTIFF'S COMPLAINT<br><br>Date:        October 3, 2008<br>Time:        10:00 a.m.<br>Place:      Dept. 71<br><br>Compl. Filed:    February 8, 2008<br><br>Honorable Ronald S. Prager |

DOCSLA-15647804.1

ERRATA NOTICE OF HEARING ON DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER TO
PLAINTIFF'S COMPLAINT

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the August 15, 2008 hearing on the Demurrer has been changed by the court to October 3, 2008 to take place at 10:00 a.m. in Department 71.

DATED: July 14, 2008.

REED SMITH LLP

By _____
    Abraham J. Colman
    Felicia Y. Yu
    Veronica Kuiumdjian
    Attorneys for Defendants
    Bank of America, N.A.

— 1 —

DOCSLA-15647804.1

ERRATA NOTICE OF HEARING ON DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO DEMURRER TO PLAINTIFF'S COMPLAINT

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUL 1 4 2008

Clerk of the Superior Court
SAN DIEGO COUNTY, CA

1

**PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years and not a

3  party to the within action. My business address is REED SMITH LLP,

4  355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On July 14, 2008, I served

5  the following document(s) by the method indicated below:

6   ***ERRATA* NOTICE OF HEARING ON DEFENDANT BANK OF AMERICA, N.A.'S
   NOTICE TO DEMURRER TO PLAINTIFF'S COMPLAINT**

7    ☐   by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s)
8        listed above to the fax number(s) set forth below. The transmission was completed before
         5:00 PM  and was reported complete and without error. The transmission report, which is
9        attached to this proof of service, was properly issued by the transmitting fax machine.
         Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting
10       fax machine complies with Cal.R.Ct 2003(3).

11   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
         prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I
12       am readily familiar with the firm's practice of collection and processing of correspondence
         for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
13       same day with postage thereon fully prepaid in the ordinary course of business.  I am aware
         that on motion of the party served, service is presumed invalid if the postal cancellation date
14       or postage meter date is more than one day after the date of deposit for mailing in this
         Declaration.

15   ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
16       delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof
         of service by the process server or delivery service will be filed shortly.

17   ☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
18       express mail service for guaranteed delivery on the next business day following the date of
         consignment to the address(es) set forth below.  A copy of the consignment slip is attached to
19       this proof of service.

20   ☐   by transmitting via email to the parties at the email addresses listed below:

21

| James Dresser | *Plaintiff, In Propia Persona* |
|---|---|
| 14972 Lyons Valley Road | |
| Jamul, CA 91935 | |
| (619) 840-6291 | |

23

24       I declare under penalty of perjury under the laws of the State of California that the

25  above is true and correct.  Executed on July 14, 2008, at Los Angeles, California.

26

27                                             Davina M. Bernal

28

DOCSLA-15847804.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James P.Dresser pro per<br>14972 Lyons Valley rd<br>Jamul, Ca.91935<br>TELEPHONE NO.: 619-840-6291   FAX NO. (Optional): 619-741-1154<br>E-MAIL ADDRESS (Optional): drjimusa@aim.com<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:  330 West Broadway
CITY AND ZIP CODE:  San Diego,CA.92101
BRANCH NAME:  Central

PLAINTIFF/PETITIONER:  **James Dresser**

DEFENDANT/RESPONDENT:  **Bank of America Corporation**

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 37-2008-00077669-CU-MC-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  08/29/2008        Time:  01:15PM        Dept:  C-71        Div:  CENTRAL        Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties (answer one):
   a. ☑  This statement is submitted by party (name):  JAMES DRESSER
   b. ☐  This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. ☐  The complaint was filed on (date):  FEBRUARY 8,2008
   b. ☐  The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served (specify names and explain why not):
      (2) ☐  have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐  have had a default entered against them (specify names):
   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☑ complaint ☐ cross-complaint    (describe, including causes of action):
      **See First Amended Complaint attached**

08/12/2008  02:40   6197411154                 DRESSER JAMES                    PAGE  05

**CM-110**

| PLAINTIFF/PETITIONER: James Dresser | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America Corporation | 37-2008-00077669-CU-MC-CTL |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**
Previous case management orders in this case are (check one):    ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____                    ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____                    ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)
                                                         ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]            **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

**CM-110**

| PLAINTIFF/PETITIONER: James Dresser | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America Corporation | 37-2008-00077669-CU-MC-CTL |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

   a. ☑ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

   ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion to compel  Defendants Bank of America discovery.

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  James Dresser | CASE NUMBER:<br>37-2008-00077669-CU-MC-CTL |
|---|---|
| DEFENDANT/RESPONDENT:  Bank of America Corporation | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

A) Credit Report dated May 18, 2007
B) Credit Report dated May 22, 2008
C) Document from Countrywide dated 2/27/2007, Application refinance existing home  loan under and proposed  loan .Under new terms monthly mortgage payment $1,718.52.

☑   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):*  2 days
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:  James Dresser pro per
b.  Firm:
c.  Address:  14972 lyons Valley Rd. Jamul,CA.91935
d.  Telephone number:  619-840-6291
e.  Fax number:  619-471-1154
f.  E-mail address:  drjimusa@aim.com
g.  Party represented:  pro per
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Abraham J. Colman (SBN 146933)<br>Veronica Kuiumdjian (SBN 244825)<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>TELEPHONE NO.:               FAX NO. *(Optional)*: (213) 457-8080<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Bank of America, N.A. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: James Dresser

DEFENDANT/RESPONDENT: Bank of America, N.A.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  [x] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | 37-2008-00077669-CU-MC |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 29, 2008       Time: 1:15 p.m.    Dept.: C-71      Div.:          Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [x] This statement is submitted by party *(name)*: Bank of America, N.A.
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
       (1) [ ] have not been served *(specify names and explain why not)*:
       (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
       (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [x] complaint    [ ] cross-complaint    *(describe, including causes of action)*:
      Causes of action for 1) violation of the Fair Credit Reporting Act, 2)
      violation of Unfair Business Practices Act, 3) Violation of Civil Code
      Section 1785.25(a), and 4) request for declatory relief

Page 1 of 4

CM-110

| PLAINTIFF/PETITIONER: James Dresser | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A. | 37-2008-00077669-CU-MC |

4.  b.    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings.  If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant failed to comply with requirements of the Fair Credit Reporting Act, the Unfair Business Practices Act, and Civil Code Section 1785.25(a).  Defendant contends that Plaintiff cannot state a claim under these statutes and intends to file a demurrer.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☒ a jury trial   ☐   a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set.  This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒   days *(specify number):* 2
b.  ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☒ has   ☐   has not     provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: James Dresser | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:Bank of America, N.A. | 37-2008-00077669-CU-MC |

10. d.  The party or parties are willing to participate in *(check all that apply):*

- (1) ☒ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☒ Other *(specify):* Plaintiff and Bank of America continue to engage in ongoing settlement discussions.

e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*

b.  Reservation of rights:  ☐ Yes    ☐ No

c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a.  ☐ There are companion, underlying, or related cases.
- (1)  Name of case:
- (2)  Name of court:
- (3)  Case number:
- (4)  Status:

☐ Additional cases are described in Attachment 14a.

b.  ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Demurrer; motion for summary judgment/adjudication

CM-110

| PLAINTIFF/PETITIONER: James Dresser | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A. | 37-2008-00077669-CU-MC |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Bank of America | Written discovery; depos of Plaintiff and percipient witnesses to be identified | December 2008 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:  ☒ none    ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 14, 2008

Veronica Kuiumdjian
_____
(TYPE OR PRINT NAME)          ▶ _____
                                (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)          ▶ _____
                                (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On August 14, 2008, I served the following document(s) by the method indicated below:

## CASE MANAGEMENT STATEMENT

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| James Dresser<br>14972 Lyons Valley Road<br>Jamul, CA 91935<br>(619) 840-6291 | *Plaintiff, In Propia Persona* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 14, 2008, at Los Angeles, California.

Davina M. Bernal

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  VENTURA**<br>STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 S. Victoria Avenue<br>CITY AND ZIP CODE:Ventura, CA 93009<br>BRANCH NAME:    Ventura | *VENTURA SUPERIOR COURT*<br>**FILED**<br>Michael D. Planet<br>Executive Officer and Clerk |
| PLAINTIFF/ PETITIONER: Joel Rosen<br>DEFENDANT/ RESPONDENT: Solvay Pharmaceuticals Inc. et.al. | |
| Rosen vs. Solvay Pharmaceuticals Inc. | |
| In re the ☐ Conservatorship ☐  Guardianship ☐  Estate ☐ Trust of; | 08/12/2008 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>56-2008-00317449-CU-PL-VTA |

TO ALL PARTIES AND/OR COUNSEL OF THE ABOVE ENTITLED CASE:

Please take notice that a(n) Case Management Conference (Filing of Case Management Statement)  has been scheduled for the above entitled case on 10/03/2008 at 08:30 AM in Department 22B of this court, located at Ventura at 800 South Victoria Avenue Ventura, CA 93009.
California Rules of Court Rule 3.725 requires each party to file a Case Management Statement no later than 15 calendar days prior to the hearing date above and serve it on all parties in the case. This statement can be filed jointly. If your Case Management Statement is untimely, it may not be considered by the court.

Failure to serve the statement or comply with the meet and confer no later than 30 days prior to the Case Management Conference may result in a mandatory appearance and the imposition of monetary sanctions to each non-complying party, in addition to any other sanctions the court may impose in its discretion.

Upon filing of a Case Management Statement by any party, the Case Management Conference will be taken off calendar and no appearance is necessary. ALL PARTIES ARE STILL REQUIRED TO FILE THE STATEMENT.

   PLAINTIFF MUST SERVE THE NOTICE OF THIS HEARING ON ANY PARTY THAT APPEARS AFTER
   SERVICE OF THIS NOTICE.

To determine if the hearing has been taken off calendar or if an appearance is MANDATORY, call:

Ventura:       (805) 654-2609
Simi Valley:   (805) 582-8086

Also, call the court's tentative ruling line after 4:00 PM the day prior to the hearing at (805) 650 - 4089. Tentative Rulings may also be accessed from the Court website AT http://www.ventura.courts.ca.gov

See California Rules of Court Rule 298 regarding telephonic appearances. In addition, see Local Rule 7.01 regarding notice to the teleconference provider and requirement of an extra copy of title page or notice for the court clerk. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

CLERK OF THE COURT,

*Sandra Legere*

Dated:  08/12/2008           By: _____ , Sandra  Legere, Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

| SHORT TITLE: Rosen vs. Solvay Pharmaceuticals Inc. | CASE NUMBER:<br>56-2008-00317449-CU-PL-VTA |
|---|---|

## CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy of the attached was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>Ventura</u>, California, on <u>08/13/2008</u>.

Clerk of the Court, by: *Sandra Legere* _____, Deputy

TIMOTHY B. BRADFORD
355 S. GRAND Avenue # STE 2900
LOS ANGELES, CA 90071

JUDITH M. TISHKOFF
221 N FIGUEROA Street # 1200
LOS ANGELES, CA 90012

Neyleen S Beljajev
1126 WILSHIRE BLVD
LOS ANGELES, CA 90017

**NOTICE OF CASE MANAGEMENT CONFERENCE**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

James Dresser

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

N/A - Pro Per Plaintiff

**DEFENDANTS**

FIA Card Services, N.A. (erroneously sued as Bank of America Corporation)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Reed Smith LLP, (see attachment for additional information)

FILED
'08 AUG 21 PM 3: 52
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1550 DMS POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1681

Brief description of cause:
Furnishing inaccurate information on Plaintiff's consumer credit report

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE   8/21/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 154346   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC   8/21/08

CR

**Attachment to Civil Cover Sheet**

Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:     213.457.8000
Facsimile:     213.457.8080

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 154346    — TC

## August 21. 2008
## 15:54:33

## Civ Fil Non-Pris
USAO #.: 08CV1550
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC71313

**Total—>   $350.00**

FROM: JAMES DRESSER
        VS
        FIA CARD SERVICES