1  Abraham J. Colman (SBN 146933)
   Felicia Y. Yu (SBN 193316)
2  Veronica Kuiumdjian (SBN 244825)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
4  Telephone: 213.457.8000
   Facsimile:  213.457.8080
5
   Attorneys for Defendants
6  FIA Card Services, N.A.and Bank of
   America, N.A. (erroneously sued as Bank
7  of America Corporation)

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  JAMES DRESSER, an individual,        )  No.: 08 CV 1550 DMS POR
                                         )
11                    Plaintiff,         )  **DEFENDANTS FIA CARD**
                                         )  **SERVICES, N.A. AND BANK OF**
12        vs.                            )  **AMERICA N.A.'S MOTION TO**
                                         )  **DISMISS PLAINTIFF'S FIRST**
13  BANK OF AMERICA CORPORATION,         )  **AMENDED COMPLAINT**
    a Delaware Corporation; and DOES 1-50)
14  inclusive,                           )  DATE:  September 26, 2008
                                         )  TIME:  1:30 p.m.
15                    Defendant(s).      )  DEPT:  309
                                         )
16                                       )  Hon. Dana M. Sabraw
                                         )
17                                       )  Courtroom: 10
                                         )
18                                       )
                                         )
19  _____  )

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

2

3        **PLEASE TAKE NOTICE** that on September 26, 2008 at 1:30 p.m. in

4    Courtroom 10 of the above-entitled court, located at 880 Front St., Rm. 4290, San

5    Diego, CA  92101-8900, Defendants FIA Card Services, N.A. and Bank of America,

6    N.A. (erroneously sued as Bank of America Corporation) (collectively "Defendants")

7    will and hereby move the Court to dismiss Plaintiff's First Amended Complaint

8    ("FAC").

9

10       Defendants move to dismiss on the grounds that the FAC fails to state

11   facts constituting a claim for relief against them as required by Federal Rule of Civil

12   Procedure 12(b)(6).

13

14       This motion will be based on Federal Rules of Civil Procedure 12(b)(6),

15   the attached Memorandum of Points and Authorities, and such other papers as may be

16   on file in this action, and any evidence or arguments raised during the hearing on the

17   Motion.

18

19       DATED:  August 28, 2008.

20                     REED SMITH LLP

21

22                     By   *s/ Felicia Y. Yu*
23                       Felicia Y. Yu
                    Email:  fyu@reedsmith.com
24                       Attorney for Defendants
                    FIA Card Services, N.A. and Bank of
25                       America, N.A.

26

27

28

DEFENDANTS FIA CARD SERVICES, N.A. AND BANK OF AMERICA N.A.'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

1    **I.    MEMORANDUM OF POINTS AND AUTHORITIES**

2    **A.    INTRODUCTION**

3       Plaintiff James Dresser ("Plaintiff") alleges that he was a victim of

4    identity theft.  The identity thief allegedly made charges to, and withdrawals from,

5    Plaintiff's banking, line of credit, and credit card accounts held by Defendants.

6    Plaintiff's First Amended Complaint ("FAC") against Defendants recites a multitude

7    of claims that fail as a matter of law.  First, the FAC fails to state sufficient facts to

8    sustain Plaintiff's Fair Credit Reporting Act ("FCRA") cause of action.  Second, the

9    FCRA expressly preempts and bars the claim for Unfair Business Practices Act

10   because it involves matters that are exclusively regulated by the FCRA.  Third, the

11   right of action to enforce a claim under California Civil Code section 1785.25(a) is

12   preempted by the FCRA.  And finally, since Plaintiff's other claims are without merit,

13   the declaratory relief cause of action fails as a matter of law.

14

15       On the face of the FAC, it is clear that Plaintiff's claims are all fatally,

16   and incurably, defective.  Further, Plaintiff has already had an opportunity to amend

17   his complaint and has once again failed to state any viable claim against Defendants.

18   Accordingly, the Court should sustain Defendants' Motion to Dismiss the FAC

19   without leave to amend.

20

21   **B.    FACTUAL AND PROCEDURAL BACKGROUND**

22       Plaintiff filed his original complaint in state court on or about February 8,

23   2008, alleging six causes of action for negligence, negligent infliction of emotional

24   distress, violation of the California Fair Debt Collections Practices Act, Unfair

25   Business Practices Act, Song Beverly Credit Card Act, and declaratory relief.  After

26   the verbal agreement to settle the lawsuit fell through, Defendants responded to the

27   complaint by filing a demurrer to the entirety of Plaintiff's complaint.  On or about

28   July 22, 2008, Plaintiff served his FAC against Defendants alleging among other

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

claims, one for violation of the FCRA. Having grounds to remove the case, Defendants did so on July 21, 2008. Defendants now move to dismiss the FAC in its entirety.

In the FAC, Plaintiff James Dresser alleges that he was a victim of identity theft. FAC, ¶ 6. On or about July 4, 2007, Plaintiff was contacted by Defendants and was advised that fraudulent activities had been detected on certain of Plaintiff's accounts. FAC, ¶ 8. These accounts were closed and new accounts were opened with Defendants. *Id*. Alleged fraudulent activity was once again detected on Plaintiff's new accounts and Plaintiff allegedly informed Defendants of the fraudulent activity. FAC, ¶ 10. Plaintiff claims that Defendants caused incorrect credit information resulting from the alleged identity theft to be reported to consumer credit reporting agencies. FAC, ¶ 12.

## II.    LEGAL ARGUMENT

**A.    Plaintiff's FCRA Claim Under 15 U.S.C. § 1681s-2 Fails as a Matter of Law Because There Are No Allegations Triggering Defendants' Duty to Investigate.**

As his first cause of action, Plaintiff attempts to allege a claim against Defendants under the FCRA § 1681s-2. This claim is defective on its face because plaintiff fails to allege that Defendants received notification of plaintiff's dispute from a ***credit reporting agency***. Such an allegation is essential to a private right of action against a furnisher of credit information under 15 U.S.C. § 1681s-2(b).

Sections 1681s-2(a) and (b) of the FCRA address the responsibilities of furnishers of credit information (such as Defendants). *See* 15 U.S.C. § 1681s-2(a)-(b). Section 1681s-2(a) provides that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously

- 2 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The FCRA, however, bars private rights of action based on violations of section 1681s-2(a). 15 USC § 1681s-2(d) (stating that section 1681s-2(a) "shall be enforced exclusively under [section 1681s] by the Federal agencies and officials identified in that section"); *see also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F. 3d 1057, 1059 (9th Cir. 2002) (stating that "Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies").[1]

Section 1681s-2(b), although privately enforceable, imposes additional obligations on credit furnishers, but only *after* they have been notified by a credit bureau that the consumer disputes the accuracy of the credit information furnished. 15 U.S.C. § 1681s-2(b)(1); *see Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004) (holding that courts have "uniformly concluded that [Section 1681s-2(b)] provides a private cause of action *only* if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed"); *see also Nelson*, 282 F. 3d at 1060 (noting that Congress provided "a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a [credit reporting agency]" about disputes).

To state a section 1681s-2(b) claim, Plaintiff must assert allegations pertaining to the furnisher's failure to conduct a reasonable investigation *in response to a notice of dispute from the credit bureaus*. *See Arikat v. JP Morgan Chase &*

---

[1] Since Plaintiff alleges he contacted Defendants directly to notify them of fraudulent activity, the claim at best is simply an inaccurate reporting claim under section 1681s-2(a), for which there is *no private right of action*. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("The furnisher's duty to investigate, however, does not arise unless it receives notice of the dispute from the [credit reporting agencies] directly. Bypassing the filter and contacting the furnisher of credit information directly does not actuate the furnisher's obligation to investigate nor does it give rise to a private right of action.")

DEFENDANTS FIA CARD SERVICES, N.A. AND BANK OF AMERICA N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Co.*, 430 F. Supp. 2d 1013, 1023-24 (N.D. Cal. 2006) ("A furnisher of credit information is one who provides credit information to consumer reporting agencies. A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency."); *Moulton v. AmeriCredit Fin. Services, Inc.*, 2005 U.S. Dist. Lexis 32185 at *9-10 (N.D. Cal. 2005).

A key element of a *prima facie* case under the FCRA is that a credit furnisher must receive a notice of dispute from a credit reporting agency, which then triggers a duty of the credit furnisher to investigate the dispute. Thus, furnishers – Defendants, in this case—can be liable only if they fail to properly and timely respond to the credit reporting agency. Plaintiff's FCRA claim fails as a matter of law because there is ***no such allegation that Defendants ever received such a notice of dispute from any credit reporting agency.*** Therefore, plaintiff's FCRA claim is fatally deficient because absent from the complaint are any allegations triggering Defendants' investigation duties under the FCRA.

**B.    Plaintiff's Unfair Business Practices Claim Is Preempted By FCRA.**

FCRA preempts Business and Professions code section 17200 claims against the furnishers of information to credit agencies. The FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 USC 1681t(b)(1)(F). This court in *Howard v. Blue Ridge Bank*, 371 F. Supp. 1139, 1144 (N.D. Cal. 2005) held that "the plain meaning" of this section "expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to FCRA." The court granted defendants' motion to dismiss plaintiff's claim under section 17200. *Id*; *see also Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002)

- 4 -

1    ("there is no question that the statutory prohibition precludes suits under state
2    consumer protection laws.")

3

4            In addition, Plaintiff lacks standing to bring a 17200 claim, as he has not
5    alleged that he is a "person who has suffered injury in fact and has lost money or
6    property as a result of such unfair competition." § 17204. Moreover, to the extent
7    this 17200 claim is predicated on other claims previously shown to be faulty, it too
8    fails as a matter of law.

9

10   **C.      The Right of Action to Enforce a Claim Under California Civil Code §**
11          **1785.25(a) is Preempted and the Claim Should Be Dismissed.**

12           Even though § 1785.25(a) is expressly excepted from preemption by the
13   FCRA, "[o]n its face, this section does not provide for a private right of action." *Lin*
14   *v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1152 (2002). Rather, "the
15   language which affords consumers a private right of action is found in CCRAA §§
16   1785.25(g) and 1785.31. . . [and] these California provisions regarding private right of
17   actions are *not* excepted from preemption in the FCRA. Only § 1785.25(a) of the
18   CCRAA, which does not provide for a private right of action, is excluded from
19   preemption." *Id.* (citation omitted). Since there is no private right of action for §
20   175.25(a), the court in *Lin* granted defendants motion to dismiss plaintiff's §
21   1785.25(a) claim. *Id.* at 1153. *See also Gorman v. Wolpoff & Abramson, LLP*, 370 F.
22   Supp. 2d 1005, 1011 (N.D. Cal. 2005). ("Although § 1785.25(a) of the California
23   Civil Code is not preempted . . . the proper parties to pursue such liability are Federal
24   and State officials . . . [thus the plaintiff] has no private right of action to bring suit for
25   a violation of § 1785.25(a)); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1182 Fn.5
26   (2005); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 Fn.1 (N.D. Cal.
27   2005); *Quigley v. Pa. Higher Educ. Assistance Agency*, 2000 U.S. Dist. Lexis 19847
28   (N.D. Cal. 2000).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 5 -

In the absence of a private right of action for a violation of section 1785.25(a), Plaintiff's claim under § 1785.25 should be dismissed with prejudice.

**D.    Plaintiff's Declaratory Relief Claim Fails as a Matter of Law Because Plaintiff's Other Claims Are Without Merit.**

Having demonstrated that Plaintiff's other claims are without merit, Plaintiff's fourth cause of action for declaratory relief falls by the wayside. A claim for declaratory relief must demonstrate an "actual controversy." Cal. Civ. Proc. Code § 1060; *see also Winter v. Gnaizda*, 90 Cal. App. 3d 750, 755 (1979). Since all of Plaintiff's other claims are invalid, no actual controversy exists here. Thus, Plaintiff's declaratory relief claim is without merit. *Ratcliff Architects v. Vanir Construction Management, Inc.*, 88 Cal. App. 4th 595, 607 (2001) ("[Plaintiff's] action for declaratory relief depends upon the other causes of action. Since we conclude that [plaintiff] failed to state a claim sufficient to recover on any of its [other] causes of action . . . [plaintiff's] claim for declaratory relief action must also fail as a matter of law.").

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the FAC.

DATED:  August 28, 2008.

REED SMITH LLP

By   *s/ Felicia Y. Yu*
Felicia Y. Yu
Email:  fyu@reedsmith.com
Attorney for Defendants
FIA Card Services, N.A. and Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Davina M. Bernal, declare:

I am employed in the County of Los Angeles, State of California. My business address is Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On August 28, 2008, I served the document(s) described as:

**DEFENDANT FIA CARD SERVICES, N.A. AND BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action by the methods listed below:

☐ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Northern District of California, San Francisco Division's website www.ecf.cand.uscourts.gov.

☐ BY PERSONAL DELIVERY: I personally delivered the document(s) listed above to the person(s) at the address(es) set forth on the attached list.

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071

☐ BY ☐ UPS NEXT DAY AIR ☐ FEDERAL EXPRESS ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ UPS ☐ FEDERAL EXPRESS ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ UPS ☐ FEDERAL EXPRESS OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s): in accordance with the written confirmation of counsel in this action.

- 1 -

1

☐    BY EMAIL:  I sent via electronic mail a copy of said document(s) to the
2          following addressee(s):

3   ☐    [State]   I declare under penalty of perjury under the laws of the State of
          California that the above is true and correct.

4   ☒    [Federal]  I declare that I am employed in the office of a member of the bar of
          this court at whose direction the service was made.

5

6

| James Dresser | *Plaintiff, In Propia Persona* |
|---|---|
| 14972 Lyons Valley Road | |
| Jamul, CA  91935 | |

7

8

Executed on August 28, 2008, at Los Angeles, California.

9

10

_____
11        Davina M. Bernal

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 -

PROOF OF SERVICE